595 So.2d 952 (1992)
Berlie DANIELS, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 77853.
Supreme Court of Florida.
February 20, 1992.
Robert A. Butterworth, Atty. Gen. and Suzanne G. Printy, Asst. Atty. Gen., Tallahassee, for petitioner.
Louis O. Frost, Jr., Public Defender and James T. Miller, Asst. Public Defender, Jacksonville, for respondent.
GRIMES, Justice.
Pursuant to article V, section 3(b)(4) of the Florida Constitution, we review Daniels v. State, 577 So.2d 725, 725-26 (Fla. 1st DCA 1991), in which the court certified the following question as one of great public importance:
GIVEN THE LEGISLATIVE INTENT UNDERLYING CHAPTER 88-131, LAWS OF FLORIDA, AND THE COURT'S DECISIONS IN STATE V. ENMUND, 476 So.2d 165 (FLA. 1985), AND STATE V. BOATWRIGHT, 559 So.2d 210 (FLA. 1990), DOES A TRIAL JUDGE HAVE THE DISCRETION, UNDER SECTIONS 775.021(4) AND 775.084, FLORIDA STATUTES (SUPP. 1988), TO IMPOSE CONSECUTIVE LIFE TERMS, EACH WITH A FIFTEEN YEAR MINIMUM MANDATORY TERM OF INCARCERATION, FOR FIRST DEGREE FELONIES COMMITTED *953 BY AN HABITUAL VIOLENT FELONY OFFENDER?
Daniels was convicted of burglary while armed, sexual battery with a deadly weapon, and armed robbery, all of which arose out of a single criminal episode.[1] On each of the charges, he was sentenced to life in prison with a fifteen-year minimum mandatory sentence. The sentences, including the minimum mandatories, were designated to run consecutively with each other. The district court of appeal affirmed the sentences and certified the foregoing question.
In an effort to highlight the disputed issue, we have chosen to reword the question as follows:
DOES A TRIAL JUDGE HAVE THE DISCRETION UNDER SECTIONS 775.021(4) AND 775.084, FLORIDA STATUTES (1988), TO IMPOSE CONSECUTIVE FIFTEEN-YEAR MINIMUM MANDATORY SENTENCES FOR FIRST-DEGREE FELONIES COMMITTED BY AN HABITUAL VIOLENT FELONY OFFENDER ARISING FROM A SINGLE CRIMINAL EPISODE?
Daniels' argument against consecutive minimum mandatory sentences relies primarily upon Palmer v. State, 438 So.2d 1 (Fla. 1983). In Palmer, this Court held that the defendant could not be sentenced to consecutive three-year minimum mandatory sentences on each of thirteen armed robberies committed at the same time and place. While permitting separate sentences for each offense, we concluded that nowhere in the language of section 775.087, Florida Statutes (1981), was there express authority by which the trial court could deny a defendant eligibility for a parole period greater than three calendar years.
However, in State v. Enmund, 476 So.2d 165 (Fla. 1985), this Court upheld the imposition of consecutive twenty-five year minimum mandatory sentences for two murders committed in the same criminal episode. We reasoned that because section 921.141, Florida Statutes (1983), required that a person sentenced to life in prison for commission of a capital felony serve twenty-five years before becoming eligible for parole, this meant that a minimum mandatory was the statutorily required penalty for each capital felony. We later applied this rationale to approve consecutive minimum mandatories for two crimes of sexual battery upon a person of less than twelve years of age committed during a single criminal episode because both of these crimes were capital felonies. State v. Boatwright, 559 So.2d 210 (Fla. 1990). At the same time, we left standing the principle of Palmer when we stated:
In contrast, the three-year mandatory minimum sentence for possession of a firearm, at issue in Palmer and Murray, is but an "enhancement" of the penalty prescribed by statute for the underlying offense (e.g., robbery, sexual battery, etc.). By way of emphasizing the difference between the two statutes, we note that this Court found no reversible error in the trial court's imposition of sentences of seventy-five years' imprisonment on each of the thirteen robbery counts involved in Palmer, with the sentences to run consecutively for a total of 975 years. Nor did the trial court err in imposing five-year sentences on the counts of aggravated assault and carrying a concealed weapon, such sentences to run consecutively to each other and to the robbery counts. Palmer, 438 So.2d at 4.
Boatwright, 559 So.2d at 213.
As in Palmer, the punishment for the crimes committed by Daniels as specified in section 775.082, Florida Statutes (1987), contains no authorization for minimum mandatory penalties. However, the State argues[2] that because Daniels was found to be an habitual violent felony offender, the *954 statute setting the punishment for his crimes is section 775.084, Florida Statutes (Supp. 1988), which authorizes minimum mandatory sentences. This is a close call, but we believe that Daniels' sentences more nearly fall within the principle of Palmer than they do Enmund and Boatwright. Because the statute prescribing the penalty for Daniels' offenses does not contain a provision for a minimum mandatory sentence, we hold that his minimum mandatory sentences imposed for the crimes he committed arising out of the same criminal episode may only be imposed concurrently and not consecutively.
We agree with the State that by enacting sections 775.084 and 775.0841, Florida Statutes (Supp. 1988), the legislature intended to provide for the incarceration of repeat felony offenders for longer periods of time. However, this is accomplished by enlargement of the maximum sentences that can be imposed when a defendant is found to be an habitual felon or an habitual violent felon. Further, when section 775.084 was amended by the passage of chapter 88-131, Laws of Florida, it authorized for the first time a minimum mandatory sentence for a repeat violent felony offender. However, as in the case of the three-year minimum mandatory sentence required for committing a felony while in possession of a gun, section 775.084 constitutes an enhancement of the felony prescribed by statute for the underlying offense.
We cannot accept the State's contention that consecutive minimum mandatories are required because of the provisions of section 775.021, Florida Statutes (Supp. 1988). In the first place, our opinion in Palmer rejected the contention that section 775.021(4), Florida Statutes (1981), which was worded substantially the same as section 775.021(4)(a), Florida Statutes (Supp. 1988), permitted the stacking of consecutive minimum mandatory sentences. The subsequent addition of subsection (b) to section 775.021(4)[3] was designed to overrule this Court's decision in Carawan v. State, 515 So.2d 161 (Fla. 1987), pertaining to consecutive sentences for separate offenses committed at the same time, and had nothing to do with minimum mandatory sentences.
We answer the certified question as reworded in the negative. We do not address the other issues raised by Daniels in his brief. We quash that portion of the decision below which authorized three consecutive fifteen-year minimum mandatory sentences for offenses which arose from the same incident and remand with directions that two of the minimum mandatory sentences be made to run concurrently with the third.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, KOGAN and HARDING, JJ., concur.
NOTES
[1] While Daniels was also convicted of a fourth crime, this is not relevant to our decision because he was not given a minimum mandatory sentence.
[2] As an alternative, the State also contends that Daniels' crimes arose from separate incidents occurring at separate times and places. See Murray v. State, 491 So.2d 1120 (Fla. 1986). We conclude that the court below correctly determined that these crimes arose out of a single criminal episode.
[3] Ch. 88-131, § 7, Laws of Fla.