PER CURIAM.
The only point on appeal which we address is the claim that the trial court erred by imposing three consecutive mandatory minimum terms. The defendant was convicted of two second degree felonies, attempted kidnapping and attempted sexual battery and a first degree felony, armed robbery. He was sentenced pursuant to the habitual offender statute, section 775.-084, Florida Statutes (1991), which states in part:
(4)(b) The court ... may sentence the habitual violent felony offender as follows:
1. In the case of a felony of the first degree, for life and such offender shall not be eligible for release for fifteen years.
2. In the case of a felony of the second degree, for a term of years not exceeding thirty, and such offender shall not be eligible for release for ten years.
In accordance with the statute, the defendant was sentenced to thirty years imprisonment, with ten year mandatory minimum terms on both the attempted kidnapping conviction and the attempted sexual battery conviction. He was also sentenced to life imprisonment with a fifteen year mandatory minimum term on the armed robbery conviction. The mandatory minimum terms were to run consecutively, which, defendant argues, is error.
In support of his argument, the defendant relies upon Daniels v. State, 595 So.2d 952 (Fla.1992), wherein the Supreme Court held that a trial court does not have the discretion, under sections 775.021(4) and 775.084, to impose consecutive fifteen year minimum mandatory sentences for first degree felonies committed by a habitual violent felony offender arising from a single criminal episode. The court reasoned that the minimum mandatory sentences could not run consecutively because the statute prescribing the penalty for Daniels' offenses did not contain a provision for minimum mandatory penalties. From Daniels, it follows that the trial court cannot impose consecutive fifteen and ten year minimum mandatory sentences in this case. The state concedes that the trial court erred in so doing. Based on the foregoing, the sentence should be corrected to reflect concurrent minimum mandatory terms.
We find no error in the remaining points on appeal.
REVERSED IN PART AND REMANDED.
DOWNEY, LETTS and POLEN, JJ., concur.