PER CURIAM.
In 1989 appellant Elizabeth Jones was sentenced to two and one-half years in prison, followed by twelve and one-half years probation. The record reveals multiple violations of probation and community control, both before and after imposition of this split sentence. Finally, in 1991, appellant received the fifteen-year prison sentence from which this appeal is taken.
The present sentence represents a departure from the sentencing guidelines recommendation. As justification for the departure the trial court cited “five violations of probation and community control and the egregiousness of [the] violations.” The state concedes that these reasons are insufficient. Williams v. State, 594 So.2d 273 (Fla.1992). Although the trial court could have “bumped” the recommended sentence by one cell for each violation of probation; Bedford v. State, 598 So.2d 285 (Fla. 2d DCA 1992); the result still would have been less than the sentence actually imposed. Accordingly, we remand this case for resentencing.
After remand the trial court should also award credit against the new sentence for the entire amount of the prison term imposed in 1989, regardless of the effect of gain time upon that sentence. State v. Green, 547 So.2d 925 (Fla.1989).
Reversed.
FRANK, A.C.J., and HALL and ALTENBERND, JJ., concur.