614 So.2d 34 (1993)
Charles Edward LONGLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1021.
District Court of Appeal of Florida, Fifth District.
February 26, 1993.
*35 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Chief Judge.
Charles Longley was convicted by a jury of one count of robbery with a firearm.[1] We affirm the conviction but reverse the sentence imposed for the reasons hereinafter discussed.
During sentencing, the trial court found that Longley was a habitual violent felony offender[2] and imposed a minimum mandatory term of 15 years. The trial court then imposed a consecutive 3 year minimum mandatory term for Longley's use of a firearm while committing the robbery.[3] On appeal, Longley argues that the trial court erred by stacking the two minimum mandatory portions of his sentence for committing only a single episode of armed robbery. However, the State contends that even though Longley committed only a single episode of armed robbery, the trial court properly stacked the two minimum mandatory terms within a single sentence because the two sentencing enhancement statutes address separate and distinct wrongs.
In Daniels v. State, 595 So.2d 952 (Fla. 1992), the Florida Supreme Court addressed a situation that involved three criminal charges arising out of a single criminal episode. The court held that the trial court must order the defendant to serve concurrently, and not consecutively, the minimum mandatory portions of the sentences for crimes that arose out of a single episode. Id. at 954. See also Brown v. State, 599 So.2d 132 (Fla. 2d DCA 1992); McCormick v. State, 494 So.2d 235 (Fla. 2d DCA 1986), review denied, 503 So.2d 328 (Fla. 1987). We find that similar reasoning controls the instant case, which involved only one sentence for one criminal charge arising out of a single criminal episode. Accordingly, we hold that the trial court erred by ordering Longley to serve consecutively, rather than concurrently, the two minimum mandatory portions of his sentence.
Conviction AFFIRMED; Sentence REVERSED and REMANDED for resentencing.
COWART and GRIFFIN, JJ., concur.
NOTES
[1] §§ 775.087(2)(a), 812.13(2)(a), Fla. Stat. (1991).
[2] § 775.084, Fla. Stat. (1991).
[3] § 775.087(2), Fla. Stat. (1991).