PER CURIAM.
In this direct criminal appeal, appellant raises two issues: (1) whether the trial court committed reversible error when it failed to sustain a Neil objection to a peremptory challenge used by the state; and (2) whether the trial court committed reversible error when it imposed two consecutive mandatory minimum sentences for convictions which appellant asserts arose out of the same criminal episode.
We conclude that the reasons given by the state for exercise of the peremptory challenge at issue were race-neutral. Accordingly, the trial court correctly denied appellant’s Neil objection. State v. Neil, 457 So.2d 481 (Fla.1984).
The state concedes that imposition of two consecutive mandatory minimum sentences is error on the facts of this case. We agree. Daniels v. State, 595 So.2d 952 (Fla.1992).
We affirm appellant’s convictions. However, we reverse appellant’s sentence as to count 3, and remand with directions that the trial court resentence appellant so that any mandatory minimum sentence imposed for that count run concurrently with the other mandatory minimum sentences imposed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ZEHMER, ALLEN and WEBSTER, JJ., concur.