PER CURIAM.
A jury found the appellant guilty of two counts of second degree murder and specifically found that the appellant had a firearm in his possession at the time of the commission of these offenses. The trial court sentenced the appellant to concurrent sentences of twenty-seven years in prison. Because of the appellant’s use of a firearm, the trial court imposed consecutive three-year minimum mandatory sentences.
The appellant seeks a new trial based upon alleged errors by the prosecution and alleged errors in rulings by the trial court. We find no merit to these issues, and affirm the appellant’s conviction on two counts of second degree murder.
However, we agree with the appellant that the, trial court improperly imposed consecutive minimum mandatory sentences. There is no question but that the offenses committed by the appellant occurred during a single criminal episode. The appellant pointed a gun at a crowd of people and pulled the trigger, firing until there were no more bullets. Two persons were struck and killed by the bullets fired by the appellant.
The Florida Supreme Court has made it clear that minimum mandatory terms of imprisonment imposed pursuant to a sentencing enhancement statute may not be *1167 ordered to be served consecutively when the crimes occurred during a single criminal episode. Daniels v. State, 595 So.2d 952 (Fla.1992).
Accordingly, we affirm the appellant's convictions and his twenty-seven year term of incarceration, but we reverse the consecutive three-year minimum mandatory portion of his sentence and remand for imposition of concurrent three-year minimum mandatory sentences.
DANAHY, A.C.J., and CAMPBELL and ALTENBERND, JJ., concur.