630 So.2d 527 (1993)
Clarence BROOKS, Petitioner,
v.
STATE of Florida, Respondent.
No. 80768.
Supreme Court of Florida.
October 28, 1993.
Rehearing Denied December 14, 1993.
Nancy A. Daniels, Public Defender and Glen P. Gifford, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Crim. Appeals and Laura Rush, Asst. Atty. Gen., Tallahassee, for respondent.
SHAW, Justice.
We have for review Brooks v. State, 605 So.2d 874 (Fla. 1st DCA 1992), in which the district court certified the following question:
MAY CONSECUTIVE ENHANCED SENTENCES BE IMPOSED UNDER SECTION 775.084, FLORIDA STATUTES, FOR CRIMES GROWING OUT OF A SINGLE CRIMINAL EPISODE?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the negative and quash Brooks.
Upon returning to the parking lot of a local store, Barbara Rahilly found defendant Brooks inside her van. After a confrontation, Brooks exited Rahilly's van and entered another van. While pulling away, Brooks demanded Rahilly's purse, which she refused to surrender. Brooks fled the parking lot, and was subsequently arrested and convicted of attempted grand theft and attempted robbery. The court imposed consecutive ten year sentences pursuant to the habitual violent felony offender statute, section 775.084(4)(b), Florida Statutes (1989). The district court affirmed, but certified the present question.[1]
We have since addressed this issue in Hale v. State, 630 So.2d 521 (Fla. 1993), wherein we quashed the district court decision affirming imposition of two consecutive habitual violent felony offender sentences for crimes arising from a single criminal episode. We noted that the habitual offender statute constitutes an enhancement statute and that because the original statutory provisions governing the crimes of which Hale was convicted contain no provision authorizing the imposed punishment his sentences cannot be served consecutively, under the reasoning of Daniels v. State, 595 So.2d 952 (Fla. 1992).
*528 Accordingly, we answer the certified question in the negative, quash the decision of the district court, and remand with instructions that Brooks' enhanced sentences be imposed to run concurrently.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We decline to address the other issue raised by Brooks.