630 So.2d 595 (1993)
Jeffrey L. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02623.
District Court of Appeal of Florida, Second District.
November 3, 1993.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Jeffrey Davis challenges his sentences for armed robbery and possession of a firearm. He contends that the trial court erred in imposing his three-year minimum mandatory sentence for possession of a firearm consecutively to his fifteen-year mandatory sentence as a habitual violent felony offender as that same sentencing scheme for the same offenses was held erroneous in Longley v. State, 614 So.2d 34 (Fla. 5th DCA 1993). We agree and reverse.
In Longley, the Fifth District held that reasoning similar to that in Daniels v. State, 595 So.2d 952 (Fla. 1992), controlled its disposition of the appeal of Longley's sentence. Daniels was sentenced as a habitual felony offender to consecutive fifteen-year sentences for burglary while armed, sexual battery with a deadly weapon, and armed robbery committed during a single criminal episode. The supreme court held that the sentences could only be imposed concurrently because the statutes prescribing penalties for those offenses do not require minimum mandatory sentences. Rather, it was the habitual offender statute that required the minimum mandatory sentences and, "as in the case of the three-year minimum mandatory sentence required for committing a felony while in possession of a gun, section 775.084 constitutes an enhancement of the felony prescribed by statute for the underlying offense." 595 So.2d at 954.
We agree with the Fifth District that Daniels requires reversal of the consecutive imposition of Davis's minimum mandatory sentences because they too were not required by *596 the statutes prescribing penalties for the offenses of which Davis was convicted. Accord Hale v. State, 630 So.2d 521 (Fla. 1993).
Accordingly, we reverse and remand with directions consistent herewith.
Reversed and remanded.
RYDER, A.C.J., and REESE, THOMAS S., Associate Judge, concur.