PER CURIAM.
In this direct criminal appeal from convictions for two counts of grand theft and consecutive 10-year habitual felony offender sentences, appellant’s appointed counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our independent review of the record satisfies us that no good-faith argument can be made that reversible error occurred regarding either of appellant’s convictions. Accordingly, we affirm the convictions without further discussion.
However, subsequent to appellant’s sentencing, the supreme court decided that enhanced sentences pursuant to the habitual felony offender law may not be imposed consecutively for offenses arising out of a single criminal episode. Hale v. State, 630 So.2d 521 (Fla.1993); Brooks v. State, 630 So.2d 527 (Fla.1993). Our review of the record satisfies us that appellant’s two grand theft convictions arose out of a single criminal episode. Therefore, it was error to sentence appellant to consecutive habitual felony offender terms. Accordingly, we reverse appellant’s sentences, and remand with di *577 rections that the habitual felony offender terms be imposed to run concurrently.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MINER, WEBSTER and DAVIS, JJ., concur.