PER CURIAM.
Mr. Parrimon appeals judgments and sentences that were imposed in three separate but interrelated cases pursuant to a plea agreement.[1] He raises ten issues on appeal, only four of which merit discussion.
In case number 91-775F, the trial court sentenced Parrimon as a habitual violent felony offender for first degree murder. This was error because a capital felony is not subject to the enhancement provisions of section 775.084, Florida Statutes (1989). McLain v. State, 612 So.2d 664 (Fla. 2d DCA 1993). Thus, we remand with directions to strike the notation in the sentence for first degree murder designating Parrimon as a habitual offender.
We also must remand with directions to delete the three year mandatory minimum sentence that the trial court imposed under section 775.087(2)(a), Florida Statutes (1989), for possession of a firearm during the commission of the first degree murder. See Downs v. State, 616 So.2d 444 (Fla.1993). Moreover, this sentence must also be stricken under Yates v. State, 429 So.2d 815 (Fla. 2d DCA 1983), as it was not orally pronounced at sentencing.
In ease number 91-1007F, the trial court also sentenced Parrimon as a habitual violent felony offender on the charge of attempted robbery with a firearm, imposing a ten year mandatory prison term pursuant to section 775.084(4)(b)2. The trial court erred, however, when it ordered that the three year mandatory prison term it imposed for possessing a firearm during the commission of the attempted robbery be served consecutively to the ten year mandatory habitual offender sentence. Davis v. State, 630 So.2d 595 (Fla. 2d DCA 1993). On remand, the trial court shall designate that the two mandatory minimum terms be served concurrently. Longley v. State, 614 So.2d 34 (Fla. 5th DCA 1993).
Finally, Parrimon challenges the trial court’s impositions of certain costs in all three cases. We conclude that the costs imposed pursuant to sections 943.25(4) and 943.25(8), Florida Statutes (1989) are without statutory authority and must be stricken. Siplin v. State, 584 So.2d 599 (Fla. 2d DCA 1991). We also determine that the two hundred dollars in “additional court costs” that were imposed must also be stricken because *97 the record does not “contain a citation to the proper statutory authority supporting the assessment of such costs.” Sutton v. State, 635 So.2d 1032, 1033 (Fla. 2d DCA 1994). On remand, the state may seek to reimpose these costs.
Affirmed in part, reversed in part, and remanded with directions.
HALL, A.C.J., and PATTERSON and LAZZARA, JJ., concur.

. Case numbers 91-775F, 91-997F, and 91-1007F.