PER CURIAM.
Tyrone Stephan Jackson challenges convictions and sentences arising out of a single criminal episode, an attempted armed robbery during which two accomplices were shot and killed by law enforcement officers. We find no reversible error in either of the felony murder convictions or in the conviction for attempted armed robbery, and affirm all three convictions. We also affirm the sentences on the felony murder convictions. We reverse the sentence imposed for attempted armed robbery, however, and remand for resentencing.
The trial court adjudged Jackson a habitual violent felony offender and imposed enhanced sentences under section 775.084, Florida Statutes, on all three convictions. In addition to authorizing a greater maximum sentence, the habitual violent felony offender statute authorizes a mandatory minimum sentence. § 775.084(4)(b), Fla.Stat.
On the attempted armed robbery conviction, Jackson received a sentence of thirty years in prison, including a ten-year mandatory minimum term during which he was ineligible for early release. The sentence on the armed robbery conviction was imposed to run consecutively to the sentences on the felony murder convictions, both concurrent terms of natural life, each with a mandatory minimum fifteen-year term. The trial court ordered that these mandatory minimum portions of all three sentences run concurrently. (The trial court’s directive that the habitual offender minimum mandatory portion of the attempted robbery sentence run concurrent with the habitual offender minimum mandatory sentences for felony murder is inconsistent with the trial court’s separate directive that the overall attempted robbery sentence run consecutive to the overall felony murder sentences. However, our disposition herein resolves this inconsistency.) The trial court also imposed a three-year mandatory minimum term under section 775.087(2) for the use of a firearm during the commission of the attempted armed robbery. The three-year mandatory poi’tion of the attempted armed robbeiy sentence was ordered to run consecutively to all other mandatory minimum terms.
In Hale v. State, 630 So.2d 521 (Fla.1993), the coui’t ruled that, although the sentences for multiple crimes committed during a single criminal episode may each be enhanced under section 775.084(1)(a) and (b) and section 775.087(2), the legislature has not authorized further increasing the penalties by allowing the sentences to run consecutively. Hale, 630 So.2d at 524; Brooks v. State, 630 So.2d 527 (Fla.1993). In the instant case, the sentence for attempted armed robbery was imposed to run consecutively to the sentences on the felony murders. On remand, the attempted armed robbery sentence must be made to run concurrently with the felony murder sentences because all three involved habitual offender penalties.
Whez-e a defendant receives multiple habitual violent felony offender sentences, moreover, the mandatory minimum terms as well as the sentences of which they are a part must be imposed to run concurrently, when imposed for crimes arising out of a single episode. Daniels v. State, 595 So.2d 952 (Fla.1992). In the instant case, the mandatory minimum terms imposed under the habitual violent felony offender statute on all *967 three convictions were properly ordered to run concurrently.
Jackson argues that Daniels also requires that the three-year minimum mandatory term under section 775.087(2) must run concurrent with the habitual offender minimum mandatory sentences. We do not agree. Although Daniels precludes the stacking of habitual offender minimum mandatory sentences within a single criminal episode and Palmer v. State, 438 So.2d 1 (Fla. 1983), precludes the stacking of firearm minimum mandatory sentences within a single criminal episode, neither precludes a habitual offender minimum mandatory followed by a firearm minimum mandatory within a single criminal episode. The legislature addressed separate harms in enacting the habitual offender minimum mandatory sentence statute and the firearm minimum mandatory sentence statute. The first addressed the problem of repeat violent offenders while the second addressed the problem of firearm possession in connection with commission of certain enumerated offenses. The language of these separate enhancement statutes gives no suggestion that the legislature intended section 775.087(2) to have no meaningful effect in the context of a criminal episode for which a habitual offender minimum mandatory sentence is imposed. Accordingly, we decline to direct that the firearm minimum mandatory sentence must run concurrent with the habitual offender minimum mandatory sentences. We acknowledge, however, that the decisions in Davis v. State, 630 So.2d 595 (Fla. 2d DCA 1993), and Longley v. State, 614 So.2d 34 (Fla. 5th DCA 1993), are to the contrary on this point.
We vacate the sentence for attempted armed robbery and remand for resentencing. The convictions and sentences, are otherwise affirmed.
ALLEN and BOOTH, JJ., concur.
BENTON, J., concurs and dissents with written opinion.