BENTON, Judge,
concurring and dissenting.
Citing not one decision in support of its conclusion that minimum mandatory sentences may be made to run consecutively where such sentences address “separate harms,” the majority “acknowledge[s] ... that the decisions in Davis v. State, 630 So.2d 595 (Fla. 2d DCA 1993), and Longley v. State, 614 So.2d 34 (Fla. 5th DCA 1993), are to the contrary.” Ante, p. 967. So are Hale, Brooks, Daniels and Palmer, all of which involved not only separate harms, but also separate crimes.
Because Jackson’s offenses occurred, as part of a single criminal episode, I concur with the majority that the sentences must run concurrently, Brooks; Hale; that the minimum mandatory sentences for the use of a firearm must run concurrently, Palmer; and that the minimum mandatory sentences authorized by the habitual offender statute must run concurrently, Daniels; I would follow Davis and Longley.