THREADGILL, Judge.
This is a consolidated appeal from four separate trials for robberies and aggravated assaults,[1] and burglaries and thefts[2] in Hills-borough County. The appellant, Danny Harold Rolling, challenges his convictions and sentences as a habitual violent felony offender in each case. We affirm all the convictions. We reverse the sentences imposed for the three robberies and one attempted robbery at the Save ⅛ Pack grocery store (circuit case no. 91-01932). We also reverse the sentences imposed for the burglary and theft at the Rio residence (circuit case no. 91-14200). We affirm all other sentences.
The appellant was convicted of three robberies and one attempted robbery,[3] all of which were committed with a firearm, at the Save ⅛ Pack grocery store on September 2, 1990. He was sentenced as a habitual violent felony offender[4] to three consecutive life sentences for the robberies and a consecutive thirty-year sentence for attempted robbery. The minimum mandatory portion of each sentence was also imposed consecutively; thus, he received three consecutive fifteen-year minimum mandatory sentences followed by a ten-year minimum mandatory sentence for a total minimum mandatory sentence of fifty-five years.
In Palmer v. State, 438 So.2d 1 (Fla. 1983), the supreme court construed section 775.021(4), Florida Statutes (1981), to authorize consecutive sentencing for offenses not committed during a single criminal transaction or episode. The court reversed consecutive three-year minimum mandatory sentences imposed for thirteen armed robbery convictions when a man brandished a pistol simultaneously at the twenty-five to thirty people who were present and ordered them all to throw their money and valuables on the floor.
The appellant committed the robberies at Save ⅛ Pack in a similar manner by pointing a gun simultaneously at the four cashiers and one by one demanding money from them. Three of the cashiers were able to open their registers and give him money. The fourth cash register would not open. As there was no significant interruption in time and place among the robberies and attempted robbery, it was error to impose consecutive sentences.
*53 We reverse the minimum mandatory sentences for the same reason. In Daniels v. State, 595 So.2d 952 (Fla.1992), the supreme court held that a trial court lacks discretion to stack minimum mandatory sentences as a habitual felony offender where the offenses arise from a single criminal episode.
The appellant was also convicted of burglarizing the home of Reynaldo Rio, Jr. on September 7, 1990, and stealing his Ford Mustang with a key taken during the burglary. The theft commenced during the burglary when the appellant formulated the intent to steal the car and equipped himself with the means of stealing it. As the burglary and theft occurred during a single criminal episode, Palmer and Daniels dictate that concurrent sentences and concurrent minimum mandatory sentences be imposed.
We therefore reverse the sentences for the robberies and attempted robbery at Save ’n Pack and remand with directions to impose the sentences and minimum mandatories concurrently. We also reverse the sentences for the burglary and theft at the Rio residence and remand with directions to impose the sentences and minimum mandatories concurrently. The appellant need not be present for resentencing. We otherwise affirm the convictions and sentences.
Reversed in part; affirmed in part.
DANAHY, Á.C.J., and LAZZARA, J., concur.

. Circuit Court Case no.: 91-01932.

. Circuit Court Case nos.: 91-05620, 91-5621, and 91-14200.

. §§ 812.13(1) and (2)(a) and 777.04(1), Fla.Stat. (1989).

. § 775.084(4)(b)l., Fla.Stat. (1989).