PER CURIAM.
Appellant was convicted of Count I, robbery with a deadly weapon, and Count II, aggravated battery, as charged. The convictions are severally affirmed.
Appellant was also duly adjudicated a habitual violent felony offender. He was sentenced to consecutive terms of imprisonment as follows: Count I, life with fifteen years minimum mandatory; Count II, thirty years. In the Uniform Commitment to Custody form the court stated that these two terms of imprisonment were to be served concurrently with each other, but consecutive to sentences appellant had incurred as the result of unrelated criminal convictions.
The state concedes that pursuant to Daniels v. State, 595 So.2d 952 (Fla.1992) and its progeny, the sentences in the instant case must be concurrent, as they arose out of a single criminal episode. We agree. However, we do not agree with the state’s argument that the description of the sentences on the commitment form suffices to correct the sentencing error.
Accordingly, we remand to the trial court for the ministerial correction of the written sentences in the instant case to show that the two shall be served concurrently, but consecutive to the sentences imposed upon appellant in the separate criminal convictions. Defendant need not be present for such correction.
The judgment on the two counts is affirmed.
REMANDED for the sole purpose of correction of the sentence as shown on the sentence form.
GUNTHER and FARMER, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.