DAUKSCH, Judge.
This is an appeal from a denial of relief from an illegal sentence. Fla.R.Crim.P. 3.800(a).
Appellant was convicted of attempted sexual battery and false imprisonment because he kept the victim in a car while he tried to rape her. These two convictions are not at issue here because they have been upheld by this court on direct appeal, by a per curiam affirmance without an opinion. Anderson v. State, 597 So.2d 299- (Fla. 5th DCA 1992).
The question before us now is whether a lawful sentence was imposed. An illegal sentence can be challenged and corrected at any time. State v. Whitfield, 487 So.2d 1045 (Fla.1986); Fla.R.Crim.P. 3.800(a).
The sentences imposed for the single criminal episode were two consecutive enhanced habitual offender terms of ten years each. In Hale v. State, 630 So.2d 521 (Fla.1993) and Brooks v. State, 630 So.2d 527 (Fla.1993), our supreme court said that once a sentence is enhanced by imposing an habitual offender sanction that is all the legislature intended for the court to do; thus it cannot enhance further by running the sentences consecutively. See also Edler v. State, 630 So.2d 528 (Fla.1993).
Sentence vacated; remanded for resen-tencing to concurrent terms.
HARRIS, C.J., and PETERSON, J., concur.