PER CURIAM.
Frederick Savage appeals his convictions and sentences for lewd and lascivious assault and attempted lewd and lascivious assault. He raises four issues on appeal. Because we hold that the trial court erred in permitting the State to present the testimony of the two alleged victims by videotape without first making the finding expressly required by statute that the victims would suffer emotional or mental harm if required to testify in the presence of the defendant, we reverse.
The State agrees that the applicable standard is contained in section 92.53, Florida Statutes (1993), which requires the trial court to find that the witness would suffer at least moderate emotional or mental harm if required to testify in the presence of the defendant. This was an amendment to the 1991 enactment of the same law which required a finding of such harm if the witness were required to testify in open court. The State does not dispute that the required factual findings were not made by the trial court, but instead argues that Mr. Savage failed to preserve his objection. We cannot agree. Defense counsel’s objections to the videotaping procedure and to the presentation of the videotape evidence properly preserved the issue of the adequacy of the factual findings of the court ordering the videotape procedure. Hopkins v. State, 632 So.2d 1372, 1375-76 (Fla.1994). Having concluded that this objection was properly preserved for appeal, we reverse for a new trial.
Only one remaining issue has merit. Although rendered moot by the resolution of the first issue, we briefly address Mr. Savage’s argument that he was improperly sentenced to guide the trial court in the event that Mr. Savage is convicted again in his new trial. The court below sentenced Mr. Savage as a habitual felony offender. The two offenses were part of a single criminal episode, yet the trial judge imposed consecutive sentences. That was error. See Hale v. State, 630 So.2d 521 (Fla.1993); Brooks v. State, 630 So.2d 527 (Fla.1993); Lucas v. State, 630 So .2d 597 (Fla. 1st DCA 1993).
Accordingly, we reverse the convictions and remand for a new trial.
ZEHMER, C.J., and DAVIS, J., concur.
BOOTH, J., dissents without written opinion.