PATTERSON, Judge.
The appellant was charged with and tried for first-degree murder, attempted first-degree murder, and first-degree burglary arising out of the killing of his estranged girlfriend’s male companion. The jury found him guilty of second-degree murder, attempted second-degree murder, and burglary of a dwelling with an assault.
The trial court found that the appellant qualified as a habitual violent felony offender and sentenced him to concurrent prison terms with concurrent minimum mandatory sentences on the second-degree murder and attempted second-degree murder and a consecutive term on the burglary. We find merit only in the appellant’s contention that the consecutive sentence for burglary is not permitted. The trial court was without authority to enter consecutive sentences and to *58 stack minimum mandatories for offenses arising out of a single criminal episode. See Rolling v. State, 643 So.2d 51 (Fla. 2d DCA 1994). We therefore reverse and remand on the sentencing issue and direct the trial court to enter an amended sentence which reflects that all sentences are concurrent. The appellant need not be present. We affirm in all other respects.
DANAHY, A.C.J., and ALTENBERND, J., concur.