659 So.2d 1060 (1995)
Tyrone Stephan JACKSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 84475.
Supreme Court of Florida.
August 24, 1995.
Nancy A. Daniels, Public Defender and David P. Gauldin, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
We have for review Jackson v. State, 641 So.2d 965 (Fla. 1st DCA 1994), based upon direct and express conflict with Davis v. State, 630 So.2d 595 (Fla. 2d DCA 1993), and Longley v. State, 614 So.2d 34 (Fla. 5th DCA 1993). We have jurisdiction under article V, section 3(b)(4), Florida Constitution.
Petitioner contends that our decision in Daniels v. State, 595 So.2d 952 (Fla. 1992), mandates that his three-year minimum mandatory sentence term under section 775.087(2), Florida Statutes (1993), must run concurrent with his habitual offender minimum mandatory sentences. He also contends that Palmer v. State, 438 So.2d 1 (Fla. 1983), prohibits the stacking of minimum mandatory sentences for offenses within a single episode. The district court, in a two-to-one decision, held that neither Daniels nor Palmer "precludes a habitual offender minimum mandatory followed by a firearm minimum mandatory within a single criminal episode." Jackson, 641 So.2d at 966. The district court reasoned that because the legislature was addressing "separate harms" in enacting both the habitual felony offender statute and the firearm enhancement statute, it did not intend for "section 775.087(2) to have no meaningful effect in the context of a criminal episode for which a habitual offender minimum mandatory sentence is imposed." Id.
Recently, two other district courts have addressed and answered the same issue. In Longley v. State, 614 So.2d 34 (Fla. 5th DCA 1993), Longley was convicted of one count of robbery with a firearm. He was sentenced as a habitual felony offender and given a minimum mandatory term of fifteen years. *1061 He was also given a consecutive three-year minimum mandatory term for use of a firearm during the robbery. On appeal, Longley argued that the trial court had improperly stacked the two minimum mandatory terms for committing only a single episode of armed robbery.
Relying on the holding in Daniels (defendant to serve minimum mandatory portions of the sentences concurrently for crimes that arise out of a single episode), the Fifth District held that the trial court had erred by ordering Longley to serve the minimum mandatory portions of his sentence consecutively rather than concurrently. 614 So.2d at 35.
In Davis v. State, 630 So.2d 595 (Fla. 2d DCA 1993), Davis was sentenced as a habitual felony offender. On appeal, he challenged the trial court's sentence imposing a three-year minimum mandatory sentence for possession of a firearm to run consecutively to his fifteen-year mandatory sentence as a habitual violent felony offender. In rejecting this sentencing scheme, the district court agreed with the Fifth District's analysis in Longley and concluded that Daniels required reversal of Davis's consecutive minimum mandatory sentence because the minimum mandatory sentences were not required by the statutes at issue in Davis's case. In reaching this conclusion, the district court stated:
The supreme court held [in Daniels] that the sentences could only be imposed concurrently because the statutes prescribing penalties for those offenses [burglary while armed, sexual battery with a deadly weapon, and armed robbery committed during a single criminal episode] do not require minimum mandatory sentences. Rather, it was the habitual offender statute that required the minimum mandatory sentences and, "as in the case of the three-year minimum mandatory sentence required for committing a felony while in possession of a gun, section 775.084 constitutes an enhancement of the felony prescribed by statute for the underlying offense."
Davis, 630 So.2d at 595.
In Palmer, the defendant was charged with committing thirteen counts of armed robbery at the same time and place. He was sentenced to seventy-five years on each armed robbery count. In addition, the court sentenced him to three years minimum mandatory on each count of armed robbery.[1] On appeal, the State argued that when section 775.087(2),[2] Florida Statutes (1981), and section 775.021(4),[3] Florida Statutes (1981), were read together, they permitted the stacking of consecutive mandatory three-year minimum sentences. We disagreed and held that there was no express authority in section 775.087(2) to deny a "defendant eligibility for parole for a period greater than three calendar years." Palmer, 438 So.2d at 3. However, we made it clear that our holding in Palmer did not mean that
we ... prohibit the imposition of multiple concurrent three-year minimum mandatory sentences upon conviction of separate offenses included under subsection *1062 775.087(2), nor do we prohibit consecutive mandatory minimum sentences for offenses arising from separate incidents occurring at separate times and places.
Id. at 4.
Subsequently, in Daniels, we further explained our holding in Palmer. Daniels was charged with separate offenses arising from one criminal episode. This Court held that Daniels' minimum mandatory sentences arising from crimes committed during one criminal episode could only be imposed concurrently and not consecutively. In conclusion, we rejected the State's argument that section 775.021, Florida Statutes (Supp. 1988), required that minimum mandatory sentences be imposed consecutively and said:
In the first place, our opinion in Palmer rejected the contention that section 775.021(4), Florida Statutes (1981), which was worded substantially the same as section 775.021(4)(a), Florida Statutes (Supp. 1988), permitted the stacking of consecutive minimum mandatory sentences. The subsequent addition of subsection (b) to section 775.021(4) was designed to overrule this Court's decision in Carawan v. State, 515 So.2d 161 (Fla. 1987), pertaining to consecutive sentences for separate offenses committed at the same time, and had nothing to do with minimum mandatory sentences.[4]
Id. at 954 (footnote omitted).
In a more recent case, Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), the district court certified whether a trial court had the authority to impose consecutive rather than concurrent minimum mandatory sentences. Id. This Court answered the district court's question in the negative. Hale was found guilty of the sale of cocaine and the possession of cocaine with intent to sell. Pursuant to the habitual offender statute, Hale was habitualized. As a result, Hale was sentenced to two consecutive twentyfive-year habitual violent felony offender terms, with each sentence carrying a minimum mandatory ten-year sentence. Finding Daniels persuasive authority, we held that Hale's enhanced maximum sentences had to run concurrently. Id. at 524. In reaching this conclusion, we said:
We find nothing in the language of the habitual offender statute which suggests that the legislature also intended that, once the sentences from multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, the total penalty should then be further increased by ordering that the sentences run consecutively.
Id.
Similarly, in Brooks v. State, 630 So.2d 527, 527 (Fla. 1993), we were asked the following certified question:
MAY CONSECUTIVE ENHANCED SENTENCES BE IMPOSED UNDER SECTION 775.084, FLORIDA STATUTES, FOR CRIMES GROWING OUT OF A SINGLE CRIMINAL EPISODE?
In answering the certified question in the negative, we relied on our resolution of this issue in Hale and the reasoning set forth in Daniels. In so doing, we explained:
We noted [in Hale] that the habitual offender statute constitutes an enhancement statute and that because the original statutory provisions governing the crimes of which Hale was convicted contain no provision authorizing the imposed punishment his sentences cannot be served consecutively... .
Id.
Although we have not squarely answered the issue now confronting us, we conclude that our previous holdings in Palmer, Daniels, Hale, and Brooks, prohibiting consecutive enhancement sentences arising *1063 out of a single criminal episode, and the reasoning thereof, are equally applicable to Jackson's sentence. As we noted in Daniels, possession of a gun, section 775.087, is an enhancement statute applying to the punishment prescribed by statute for the underlying offense. Daniels, 595 So.2d at 954. Under Daniels' rationale, Jackson's minimum mandatory sentence for possession of a firearm must run concurrent with the habitual offender minimum mandatory sentences, since both of these minimum mandatory sentences are enhancements. Also, like Daniels, the crimes for which Jackson was convicted do not contain a provision for a minimum mandatory sentence.
Finally, the State argues that section 775.021(4), Florida Statutes (1993), which gives the trial court discretion to impose sentencing either consecutively or concurrently, applies to all criminal offenses because section 775.021(2) specifically states: "The provisions of this chapter are applicable to offenses defined by other statutes, unless the code otherwise provides." Thus, the State claims that because the possession-offirearm statute at issue here does not "otherwise provide," the trial court had discretion to impose a consecutive sentence. We have rejected this argument in both Daniels and Hale.
In accordance with the above, we quash the decision of the district court and remand for further proceedings consistent herewith. We approve the opinions in Davis and Longley.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN, HARDING and ANSTEAD, JJ., concur.
SHAW, J., dissents with an opinion, in which WELLS, J., concurs.
WELLS, J., dissents with an opinion, in which SHAW, J., concurs.
SHAW, Justice, dissenting.
Our prior cases in this area constitute a logical scheme standing for the proposition that the same enhancement penalty cannot be stacked for crimes arising from a single criminal episode. We have said the following: habitual offender maximum terms cannot be imposed consecutively for a single episode (Brooks and Hale); habitual offender mandatory minimum terms cannot be imposed consecutively for a single episode (Hale and Daniels); and firearm mandatory minimum terms cannot be imposed consecutively for a single episode (Palmer).
The rationale is simple: 1) Enhancement provisions are not contained in the underlying criminal statutes under which defendants are convicted and sentenced, and 2) there is no indication in the provisions themselves that the legislature intended the same enhancement to be stacked for any single criminal episode.
The majority extrapolates from this rationale and reasons that no enhancement penalty can be stacked for crimes arising from the same criminal episode, even where two or more entirely different enhancement provisions are involved. According to the majority, Brooks, Hale, Daniels, and Palmer support the proposition that an habitual offender mandatory minimum term[5] cannot be imposed to run consecutively with a firearm mandatory minimum term[6] for crimes arising from the same episode.
The cited cases, in my opinion, do not compel the majority's result. In fact, the rationale of Brooks, Hale, Daniels, and Palmer breaks down when extended to the instant situation. While it is reasonable to assume that the legislature did not intend for the same enhancement provision to be stacked for a single criminal episode, there is no reason to assume the legislature intended the same consequence for different provisions dealing with entirely separate societal harms. The evil addressed by the habitual offender statute is distinct from that addressed *1064 by the firearm statute and there is no reason to believe that the legislature intended either to go unpunished.
The effect of the majority opinion is to immunize a criminal defendant sentenced to a mandatory minimum term as an habitual offender from serving a consecutive mandatory minimum term for using a firearm during that same criminal episode. The signal this sends to career criminals is to go ahead and use guns. I cannot believe the legislature intended this.
WELLS, J., concurs.
WELLS, Justice, dissenting.
The majority opinion correctly outlines the recent history of this Court's decisions in respect to concurrent sentences arising out of enhancement sentencing statutes. However, the majority does not deal with the essential point made in the district court's majority opinion, which is that the legislature addressed separate harms in enacting the habitual offender minimum mandatory sentence statute and the firearm minimum mandatory sentence statute. I agree completely with the district court's majority analysis, which states:
The first addressed the problem of repeat violent offenders while the second addressed the problem of firearm possession in connection with commission of certain enumerated offenses. The language of these separate enhancement statutes gives no suggestion that the legislature intended section 775.087(2) to have no meaningful effect in the context of a criminal episode for which a habitual offender minimum mandatory sentence is imposed.
Jackson v. State, 641 So.2d 965, 967 (Fla. 1st DCA 1994). This analysis cogently recognizes that in these two statutes the legislature has reacted to the reality of the perils to our communities caused by repeat felons and by felons who possess firearms in the commission of enumerated offenses.
There is no constitutional reason that the legislature cannot enhance sentences for a felon guilty in violation of both of these statutes. Thus, our decision is a decision of statutory construction. I would give effect to the obvious intent of the legislature to deal with these separate perils. By misplaced fealty to past decisions in Palmer v. State, 438 So.2d 1 (Fla. 1983), Daniels v. State, 595 So.2d 952 (Fla. 1992), Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), and Brooks v. State, 630 So.2d 527 (Fla. 1993), all of which are acknowledged not to address the issue of this case, the majority opinion here invades the province of the legislature and frustrates the legislature's intent and the public will.
SHAW, J., concurs.
NOTES
[1] Palmer also received five years for the crimes of aggravated assault and carrying a concealed weapon. The sentences were to run consecutively one to another and to the robbery counts.
[2] In relevant part, the 1993 version, which is identical to the 1981 section, reads:

Any person who is convicted of:
1. Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes; ... and who had in his possession a "firearm," as defined in s. 790.001(6), or "destructive device," as defined in s. 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 calendar years.
§ 775.087(2)(a), Fla. Stat. (1993) (emphasis added).
[3] This section reads:

Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
§ 775.021(4)(a), Fla. Stat. (1993).
[4] The 1988 version of this subsection does not contain the last sentence found in the 1993 version. This sentence explains when offenses are considered separate for purposes of this section.

In its relevant part, this subparagraph states: The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent.
§ 775.021(4)(b), Fla. Stat. (1993).
[5] Mandatory minimum terms for habitual violent felony offenders run either five, ten, or fifteen years, depending on the degree of the crime. § 775.084, Fla. Stat. (1993).
[6] Mandatory minimum terms under the firearms statute run three years. § 775.087, Fla. Stat. (1993).