ALLEN, Judge.
The appellant challenges the order by which the trial court denied his Florida Rule of Criminal Procedure 3.850 motion. The motion set forth a colorable claim for relief under Jackson v. State, 659 So.2d 1060 (Fla. 1995), but it was denied as untimely under the two-year time limitation of the rule. Because we hold that Jackson should be given retroactive application, and because the appellant’s motion was filed within two years following the decision in Jackson, we reverse the order to the extent that it reflects a denial of the claim due to untimeliness under the rule.
The appellant alleged in his motion that he was convicted and sentenced in 1991 for two counts of armed robbery and one count of aggravated assault that were all committed in the course of a single criminal episode. He alleged that his sentences for these offenses included two consecutive minimum mandatory sentences: a five-year violent habitual offender minimum mandatory under section 775.084(4)(b), Florida Statutes, and a three-year firearm minimum mandatory under section 775.087, Florida Statutes. Although the appellant claimed that the stacking of the minimum mandatory sentences was improper, the trial court did not reach the merits of the claim because the court concluded that the claim, which was filed more than two years after the appellant’s convictions became final, was untimely.
In Jackson, the supreme court relied on its decisions in Palmer v. State, 438 So.2d 1 (Fla.1983), Daniels v. State, 595 So.2d 952 (Fla.1992), Hale v. State, 630 So.2d 521 (Fla. 1993), and Brooks v. State, 630 So.2d 527 (Fla.1993), in holding that violent habitual offender and firearm minimum mandatory sentences must be ordered to run concurrent with one another when the offenses for which the sentences are imposed arise from a single criminal episode. Consistent with the supreme court’s reasoning in Bass v. State, 530 So.2d 282 (Fla.1988), and State v. Callaway, 658 So.2d 983 (Fla.1995), the decision in Jackson should be given retroactive application. We therefore hold that, following the decision in Jackson, a two-year window opened for the filing of post-conviction claims pursuant to the Jackson decision.
Because the appellant’s Jackson claim was filed within this two-year period, it should not have been denied as untimely under rule 3.850. Accordingly, we reverse the order under review to the extent that it reflects a denial of the Jackson claim on the basis of untimeliness, and we remand this case to the trial court for further consideration of the claim. The order is otherwise affirmed.
MINER and PADOVANO, JJ., concur.