THOMPSON, C.J.
Jimmie Lee Nelson timely appeals his judgment and sentence for the crimes of aggravated battery on a law enforcement officer with a deadly weapon or causing great bodily harm \ possession of ■ cocaine [2], resisting an officer with violence[3], resisting an officer without violence[4], and fleeing or attempting to elude a law enforcement officer with a siren and lights activated[5]. We affirm and write only to address one of the two issues raised by Nelson.[6]'
Nelson was sentenced to a 10-year habitual felony offender (HFO) sentence *310 on the resisting arrest with violence charge, and a concurrent 10-year HFO sentence for the felony of fleeing and eluding. The trial court further sentenced Nelson to a consecutive 30 year sentence for the conviction of aggravated battery on a law enforcement officer. Nelson complains that this sentence was erroneous because “enhancement sentences arising out of a single criminal episode may not be imposed consecutively.” Boler v. State, 678 So.2d 319, 322 (Fla.1996)(citing Jackson v. State, 659 So.2d 1060 (Fla.1995)). Therefore, Nelson argues, the trial court erred and the aggravated battery on a law enforcement officer sentence must run concurrent with the HFO sentences.
Nelson is correct that aggravated battery on a law enforcement officer, section 784.07(2)(d), is an enhancement of the crime of aggravated battery. See Merritt v. State, 712 So.2d 384 (Fla.1998). This court has acknowledged as much. See King v. State, 763 So.2d 546, 547 (Fla. 5th DCA 2000)(“our supreme court did say [in Merritt that] ‘Section 784.07, Florida Statutes (1995) is an enhancement statute rather than a statute creating and defining any criminal offense.’ This statement by the supreme court should be adhered to by the lower courts”).
Jackson v. State, 659 So.2d 1060 (Fla.1995), the case Nelson primarily relies upon, holds that two enhanced sentences cannot be imposed consecutively when they arise from a single criminal episode. See Jackson, 659 So.2d at 1063 (“Jackson’s minimum mandatory sentence for possession of a firearm must run concurrent with the habitual offender minimum mandatory sentences, since both of these minimum mandatory sentences are enhancements”). In the instant case, however, there was no minimum mandatory imposed for the aggravated battery on a law enforcement officer.[7] Nelson received an enhanced sentence followed by a guidelines first degree felony sentence, albeit for a crime that otherwise would not be a first degree felony but for the fact that the victim was a law enforcement officer^ Nevertheless, since consecutive mandatory minimum sentences were not imposed, we think there is no Jackson error.
AFFIRMED.
HARRIS and SAWAYA, JJ., concur.

. § 893.13(l)(f), Fla. Stat.

. § 843.01, Fla. Stat.

. § 843.02, Fla. Stat.

. § 316.1935, Fla. Stat.

. The other issue raised by appellant is controlled by a recent decision of this court. See Casselman v. State, 761 So.2d 482, 484-85 (Fla. 5th DCA 2000)(noting that "in a case where there is only one assault or one battery *310 and the same underlying acts are involved in the resisting charge, double jeopardy may bar duplicate convictions,” we held that where there are two separate episodes supporting the two charges there is no double jeopardy violation).

. Nelson complains that a mandatory minimum sentence was imposed for the aggravated battery on a LEO. The record reflects that this is not true. Moreover, the legislature added the mandatory minimum sentence for an aggravated battery on a law enforcement officer in 1999 and made it effective July 1, 1999, several weeks after Nelson committed his crimes. See Ch. 99 188, § 4, at 1050-51, and § 14, at 1081, Laws of Florida.