[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13318
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02801-EAK-TGW


LESTER E. ROLLINS, JR.,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 3, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Lester E. Rollins, Jr. appeals an order denying his 28 U.S.C. § 2254 petition. In support, he argues that the state court threatened him at his change-of-plea hearing by telling him that, if he chose not to plead guilty and went to trial, he would face a 60-year maximum possible sentence, which would have been an illegal sentence. Accordingly, he contends that the trial court coerced him into pleading guilty, in violation of his right to due process.

We review the district court's decision *de novo*, but we review the state habeas court's decision with deference. *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010). We may affirm the denial of a habeas petition on any ground supported by the record. *Trotter v. Sec'y, Dep't of Corr.*, 535 F.3d 1286, 1291 (11th Cir. 2008) (quotation omitted).

Under § 2254(d), a federal court may not grant habeas relief on claims that were previously adjudicated in state court on the merits unless the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court holdings or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d)(1)-(2). A state court's decision is contrary to clearly established Supreme Court precedent if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme

2

Court has on a set of materially indistinguishable facts. *Borden v. Allen*, 646 F.3d 785, 817 (11th Cir. 2011).

When reviewing a state court's decision applying federal law, a federal court must not determine the accuracy of the result, but rather, whether the result was unreasonable, which is "a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 1939, 167 L.Ed.2d 836 (2007). A state court's determination of a factual issue is presumed to be correct, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A summary disposition on the merits is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec'y, Dep't of Corr.*, 278 F.3d 1245, 1255 (11th Cir. 2002).

Because a plea of guilty waives several constitutional rights, the Due Process Clause of the Fourteenth Amendment requires the plea to be both voluntary and knowing. *Gaddy v. Linahan*, 780 F.2d 935, 943 (11th Cir. 1986). Before the district court accepts a guilty plea, there must be an affirmative showing that the plea was intelligent and voluntary, and the waiver of constitutional rights will not be presumed from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12, 23 L.Ed.2d 274 (1969). A guilty plea that is not knowingly and voluntarily entered violates the Due Process Clause, and is,

therefore, invalid.  *Id.*, 395 U.S. at 243 n.5, 89 S.Ct. at 1712 n.5.  For a guilty plea to be knowing and voluntary, the accused must understand the significance of the waiver and the consequences of the plea.  *Id.* at 243-44, 89 S.Ct. at 1712. "Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right . . . is . . . governed by federal standards."  *Id.* at 242-43, 89 S.Ct. at 1712.  In order to ensure that a plea is knowing and voluntary, the Court stated that trial courts should conduct an "examination of the defendant which should include, *inter alia*, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences."  *Id.* at 244 n.7, 89 S.Ct. at 1713 n.7.

The Supreme Court of Florida has held that multiple sentences imposed pursuant to statutory habitual offender enhancement provisions cannot be ordered to run consecutively if the underlying offenses arose from the same criminal episode.  *Hale v. State*, 630 So.2d 521, 524-35 (Fla. 1993); *see also Jackson v. State*, 659 So.2d 1060, 1062-63 (Fla. 1995) (holding that courts could not impose consecutive sentences for offenses rising out of a single criminal episode when one sentence was enhanced under statutory habitual offender provisions and the other sentence was enhanced under a different statutory section).  A sentence imposed

under the Prison Releasee Reoffender Punishment Act, Fla. Stat. § 775.082(9)

("PRR") is not "enhanced" within the meaning of *Hale* and *Jackson*, however, and

Florida trial courts may impose consecutive sentences when one sentence is

enhanced under the habitual offender statutory provisions and the other is imposed

as a PRR sentence.  *Cotto v. State*, 139 So.3d 283, 288-90 (Fla. 2014) (discussing

both *Hale* and *Jackson* in distinguishing PRR sentences from statutorily enhanced

sentences).

Contrary to Rollins's argument, the state court correctly advised him that a

PRR sentence could be ordered to run consecutively to a sentence enhanced under

the habitual offender statute, and, therefore, the state court's conclusion that the

court did not coerce him was reasonable.  *Boykin*, 395 U.S. at 243-44, 89 S.Ct. at

1712; *Cotto*, 139 So.3d at 289-90.  As such, we affirm the district court's denial of

Rollins's § 2254 petition.

**AFFIRMED.**