DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VINCENT JONES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-1528

[ July 19, 2017 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. 14-4472 CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence for two counts of first degree murder and one count of attempted first degree murder. He raises three issues. First, he argues the trial court erred in denying his motion for judgment of acquittal. In his second and third issues, he argues the court erred in sentencing him to a mandatory minimum under the 10-20-Life statute and in designating him as a habitual felony offender. We affirm issues one and two, but find merit in his third issue. We therefore affirm in part, reverse in part, and remand for the trial court to strike the habitual felony offender designation.

The defendant's conviction stems from a shooting incident outside of a park. The jury found the defendant guilty of two counts of first degree murder and one count of attempted first degree murder. Both at the conclusion of the State's case and after the close of the evidence, the defendant moved for a judgment of acquittal, arguing the State failed to prove premeditation. The court denied both motions.

The court sentenced the defendant to life sentences without parole for

the two counts of first degree murder. Due to his use of a gun, the court sentenced the defendant to concurrent life sentences under section 775.087(1)(a), Florida Statutes (2016), the "10-20-Life" statute. For the third count of attempted first degree murder, the court sentenced the defendant to life with a twenty-year mandatory minimum term. The court designated the defendant a habitual felony offender on the two counts of first degree murder.

In his third issue, the defendant argues that the mandatory life sentences cannot be enhanced by designating him as a habitual felony offender under section 775.084(4)(a)1, Florida Statutes (2016). The State agrees that capital crimes cannot be enhanced under this statute.

We have de novo review. *Willard v. State*, 22 So. 3d 864, 864 (Fla. 4th DCA 2009).

Capital crimes cannot be enhanced under the plain language of section 775.084(4)(a)1. *Parrimon v. State*, 644 So. 2d 95, 96 (Fla. 2d DCA 1994). The highest degree of felony which may be enhanced for a habitual felony offender is a life felony or a felony of the first degree. § 775.084(4)(a)1, Florida Statutes (2016). Here, the defendant was convicted of two counts of first degree murder, which is a capital felony. He cannot be sentenced as a habitual felony offender for these offenses.

We therefore affirm his conviction and sentences, but reverse his designation as a habitual felony offender. We remand with directions to strike the designation of habitual felony offender for the first degree murder counts.

*Affirmed in part, reversed in part, and remanded.*

TAYLOR and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

2