NIMMONS, Judge.
Thompson appeals from an order denying his Rule 3.850 motion. We affirm.
Although in the style of his motion the appellant referred to two trial court docket numbers, Case Numbers 82-334 and 82-396, the body of his motion purports to attack only the two judgments and sentences in 82-396.[1]
As grounds for his motion, appellant avers:
The trial court imposed an illegal sentence of stacking the minimum/mandatory sentence of 3 years when the sentence imposed which contain the stipulation of 3 years minimum mandatory was imposed concurrently. The' stacking is illegal and has been declared such in Bass v. State, So.2d (12 FLW 289) (Fla.1987). The illegal sentence is in violation of the due process clause and the equal protection clause of the U.S. Constitution.
In 82-396, the appellant was sentenced on two counts of attempted murder — 15 years on each count and the 3-year mandatory minimum on each count under Section 775.087(2), Florida Statutes. The written sentences reflect that they were to be served concurrently with each other and with the sentences imposed in Case Number 82-334. Clearly, the appellant has no cause to complain regarding any “stacking” of sentences in 82-396.
In 82-334, appellant was sentenced on two counts of armed robbery — 30 years on each count and the 3-year mandatory minimum on each count under Section 775.-087(2), with a retention of jurisdiction under Section 947.16(3), Florida Statutes. Assuming we were to construe appellant’s motion as attacking his sentencing in 82-334, appellant fares no better because such sentencing is not afflicted with the malady of which the appellant’s motion complains. As is apparent from the pertinent portion of appellant’s motion quoted above, the basis of the appellant’s complaint of stacking the mandatory minimum sentences is that the basic sentences imposed were imposed concurrently. On the contrary, as noted above, the basic sentences were imposed consecutively.
Finally, even were we to construe appellant’s motion as complaining that the stacking of the mandatory mínimums was improper under the Supreme Court’s holding in Palmer v. State, 438 So.2d 1 (Fla.1983), appellant would still lose because his motion is wholly deficient in stating any facts *1190 supporting the proposition that the subject crimes were perpetrated in such a way as to violate the principal enunciated in Palmer.
We have examined the remaining issue pertaining to the appellant’s alleged incompetency and find the same to be without merit.
AFFIRMED.
ERVIN and SMITH, JJ., concur.

. Appellant was apparently sentenced in at least four cases on the same day, August 23, 1982. The subject appealed order bears all four docket numbers, 82-394, 82-395, and the two docket numbers mentioned above. We regard the additional case numbers in the order as superfluous.