PER CURIAM.
Charlie Edward Rodgers appeals an order of the Circuit Court for Duval County which denied his motion for post-conviction relief. We find that the trial court must give further consideration to some of appellant’s claims and accordingly we affirm in part and reverse in part.
Rodgers was tried by a jury and found guilty of two felonies, apparently two counts of false application for a driver’s license, a third-degree felony under section 322.212(5) and (6), Florida Statutes (counts I and II below). He was also found guilty of fleeing a police officer, a misdemeanor, in the trial court’s count IV. He was sentenced as a habitual violent felony offender to a ten-year term as to count I with a five-year minimum mandatory consecutive to count IV. The sentence itself was also ordered to run consecutive to count IV. His sentence for the second felony count was also ten years, to run concurrent with the sentence for count I but with an additional five-year minimum mandatory to be consecutive to that served in count I. The sentence for the misdemean- or in count IV was a term of one year with credit for 113 days of jail time.
In his claim number 4 in the motion for post-conviction relief, Rodgers argued that his sentences for counts II and IV should be concurrent because they arose from a single criminal episode. The trial court denied this claim, attaching copies of the sentencing documents and concluding that the sentences for counts I and II are concurrent. However, we read these sentencing documents to indicate that the sentences for counts I and II are to be served concurrently and consecutive to the sentence in count IV. We therefore find it necessary to reverse and remand to the trial court for reconsideration of this claim.
Rodgers’ claim number 5 concerned his entitlement to certain jail time credit. In claim number 10 he argued that he was habitualized for sentencing under the 1989 version of the Habitual Offender Act found unconstitutional in State v. Johnson, 616 So.2d 1 (Fla.1993). He further contended that he could not have been habitualized under the earlier version of the act. In claim number 12, Rodgers argued that the imposition of consecutive five-year mandatory minimums was impermissible under Daniels v. *21 State, 595 So.2d 952 (Fla.1992). The trial court denied each of these claims upon a finding that they could have been raised on direct appeal and they therefore were procedurally barred. However, a sentencing error which causes an individual to be restrained for a time longer than that allowed by law may be heard in any and every manner possible. Jones v. State, 599 So.2d 769 (Fla. 1st DCA 1992). The trial court erred in finding these claims to be procedurally barred and we reverse and remand for further proceedings as to these four issues.
The remaining twelve claims presented below by the appellant were properly denied, either as procedurally barred or because the claims were facially insufficient. We therefore affirm the trial court’s disposition of those claims.
Accordingly, the decision of the trial court is AFFIRMED in part and REVERSED and REMANDED in part for further proceedings in accordance with this opinion.
ERVIN, BARFIELD and WEBSTER, JJ., concur.