PER CURIAM.
Victor Love raises several points of alleged error in his motion for post-conviction relief filed under Rule 3.850, Florida Rules of Criminal Procedure, which lack merit. The trial court erred, however, in summarily denying the allegation concerning the imposition of consecutive minimum mandatory sentences, and we reverse and remand for further proceedings as to that allegation.
Love pleaded guilty to two counts of robbery and was sentenced as a habitual offender to 25 years’ incarceration with a 10-year minimum mandatory on count I, and to 25 years’ incarceration with a five-year minimum mandatory on count II. The 25-year sentences were ordered to run concurrently, but the minimum mandatory portions of each sentence were ordered to run consecutively. If, as appellant contends, his offenses were committed within the course of a single criminal episode, minimum mandatory portions of the sentences must run concurrently. See Hale v. State, 680 So.2d 521 (Fla.1993).
The trial court denied this claim of error without making a factual determination regarding whether the offenses for which Love was convicted arose in the course of a single criminal episode. The court accepted as true appellant’s factual allegation, but cited section 775.021(4), Florida Statutes (1993), for the proposition that a criminal defendant who, in the course of a single criminal episode, “commits an act or acts constituting one or more separate criminal offenses, upon conviction and adjudication of guilt, will be sentenced separately for each criminal offense, and the sentencing judge may order the sentences to be served concurrently or consecutively.” In Hale, however, the supreme court held that section 775.021, Florida Statutes, does not apply to the imposition of consecutive minimum mandatory sentences which are authorized for enhancement of habitual offender sentences under section 775.084(4)(b), Florida Statutes (1993). 630 So.2d at 524-25.
Appellant’s allegation of error in the trial court’s imposition of sentence is facially sufficient. See Hale; Rodgers v. State, 645 So.2d 20 (Fla. 1st DCA 1994). The trial court erroneously denied the claim as a matter of law and did not attach any portion of the record conclusively demonstrating that Love is not entitled to relief. We remand to the trial court for further proceedings consistent with this opinion.
ERVIN, MINER and BENTON, JJ., concur.