PER CURIAM.
Appellant challenges the summary denial of his motion for postconviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. Appellant raised six grounds in his motion for postconvietion relief. The trial court denied the claim as to all six grounds. We find no error as to the denial of points three-six. The trial court based its denial of grounds one and two on the fact that the appellant had previously raised these grounds on direct appeal. We find that the trial court was in error as to this contention. As to ground one, appellant claims that his sentence was illegal because the trial court improperly sentenced him as a habitual offender pursuant to a first-degree felony conviction where his conviction was for a second-degree felony. We find that the allegation raises a preliminary ground for relief pursuant to Spicer v. State, 615 So.2d 725 (Fla. 2d DCA 1993). As to ground two, appellant claims his sentence was illegal in that the trial court imposed consecutive habitual sentences in violation of Hale v. State, 630 So.2d 521 (Fla.1993). We find that this allegation also raises a preliminary ground for relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. See Rodgers v. State, 645 So.2d 20 (Fla. 1st DCA 1994); Rosier v. State, 655 So.2d 160 (Fla. 1st DCA 1995). We remand to the trial court for *660 further proceedings consistent with this opinion.
WOLF and WEBSTER, JJ., concur.
LAWRENCE, J., concurs in result only.