OPINION ON MOTION FOR REHEARING
WOLF, Judge.
Appellee seeks rehearing of our decision in Brown v. State, 658 So.2d 659 (Fla. 1st DCA 1995). We grant the motion in part. Appellee asserts two grounds on rehearing. We find that only one has merit. Appellant’s motion for postconviction relief fails to allege sufficient facts to establish that the convictions arose from a single criminal episode. Thompson v. State, 564 So.2d 1189 (Fla. 1st DCA 1990). Hale v. State, 630 So.2d 521 (Fla.1993). We, therefore, reverse our previous position as to this issue, and affirm the trial court’s denial of appellant’s postconviction motion as to this ground. Brown v. State, 649 So.2d 349 (Fla. 1st DCA 1995).
Appellee also asserts that because appellant could have raised on direct appeal the issue of whether his robbery conviction was improperly reclassified as a first-degree felony, appellant was precluded from pursuing this issue by rule 3.850, Florida Rules of Criminal Procedure. Appellee relies on Davis v. State, 661 So.2d 1193 (Fla.1995). We find that appellant’s motion sufficiently alleges that his sentence exceeded the statutory maximum and, therefore, it contained allegations of an illegal sentence which may be raised pursuant to rule 3.850, Florida Rules of Criminal Procedure, notwithstanding whether the issue could have been raised on direct appeal.
Appellant alleges that he was convicted of robbery pursuant to section 812.13(2)(c), a second-degree felony punishable by up to 15 years in prison. This second-degree felony was punishable as if it was a first-degree felony pursuant to section 775.0845, Florida Statutes (the mask statute), because appellant was found to have worn a mask during the robbery. The maximum penalty for a first-degree felony is 30 years.
In Spicer v. State, 615 So.2d 725 (Fla. 2d DCA 1993), the second district held that while the mask statute provides that certain second-degree felonies may be punishable as first-degree felonies, the statute does not act to reclassify the offense from a second-degree felony to a first-degree felony for purposes of habitual offender sentencing. The maximum penalty appellant could receive pursuant to a violent habitual offender classification for committing a second-degree felony was 30 years. § 775.084(4)(a), Fla.Stat. According to appellant’s allegations, therefore, the maximum statutory sentence he possibly could receive pursuant to either section 775.084(4)(a) or section 775.0845, Florida Statutes, was 30 years. Thus, the allegation that he received a life sentence raises a preliminary issue concerning an illegal sentence which may be raised pursuant to rule 3.850, Florida Rules of Criminal Procedure.
We readopt our previous opinion as to all other issues.
WEBSTER, J., concurs.
LAWRENCE, J., concurs in result only.