WOLF, Judge.
Charles Edward Rodgers appeals from a final order denying his motion for posteonvietion relief pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. We find that the trial court should have treated the motion as a motion to enforce mandate in the case of Rodgers v. State, 645 So.2d 20 (Fla. 1st DCA 1994), and should have granted the motion. We, therefore, reverse and remand for the trial court to comply with the mandate from our previous case.
In Rodgers v. State, supra, appellant appealed from a denial of his motion for post-conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. This court reversed the denial of the motion, and specifically required the trial court to address four issues on remand:
[1] Rodgers’ claim number 5 concerned his entitlement to certain jail time credit.
[2] In claim number 10, he argued that he was habitualized for sentencing under the 1989 version of the Habitual Offender Act found unconstitutional in State v. Johnson, 616 So.2d 1 (Fla.1993).
[3] He further contended that he could not have been habitualized under the earlier version of the act.
[4] In claim number 12, Rodgers argued that the imposition of consecutive five-year mandatory mínimums was impermissible under Daniels v. State, 595 So.2d 952 (Fla.1992).
Rodgers, supra at 20-21.
The trial court entered its order on remand, attempting to clarify the sentences imposed, and adjudging that the sentences imposed by the earlier March 6, 1991, order were proper and should stand as imposed. As to the question of whether the sentencing constitutes impermissible stacking under Daniels v. State, the court said,
Reviewing the charging document reveals that count I happened on October 31,1990, while count II happened on November 14, 1990. Clearly, these did not arise from a single criminal episode. Count IV, while it did happen on November 14,1990, was not part of a single criminal episode since it involves fleeing or attempting to allude a police officer while count II involved the false application for a driver’s license.
The court, therefore, found that the facts of this ease do not meet the Daniels criteria and are not controlled by Daniels. The lower court did not deal with any other matters in the order on remand, and the court did not attach any portion of the record. Furthermore, the order on remand does not say that Rodgers’ petition for postconviction relief is denied, nor does it inform Rodgers that he *1087 has 30 days to appeal the order as required by rule 3.850(g).[1]
On April 17, 1995, the appellant filed a 3.800(a) motion for postconviction relief, arguing that the trial court failed to comply with the appellate court’s mandate. As pointed out above, it is true that the trial court did not address all the issues which were remanded for its consideration.
The court denied Rodgers’ “motion to correct sentence” saying,
Defendant’s motion is improper under Fla. R.Crim.P. 3.850 [sic] since a defendant is not permitted to file a second motion that alleges grounds that were raised in the initial motion, especially where the issue has already been determined and ruled upon by both this court and the appellate court.
Appellant asserts that the trial court erred in entering this order. The appellant’s argument has merit. The court’s order of January 27,1995, did not address all the issues, it did not specifically deny Rodger’s petition, and it did not inform Rodgers that he had 30 days to appeal. The trial court’s previous order did not constitute a final disposition of the 3.850 motion, and therefore, could not operate to bar appellant from continuing to pursue the remedy previously afforded to him by this court. We, therefore, determine that appellant’s motion to correct sentence should have been treated as a motion to enforce mandate.
We, therefore, reverse and remand with specific instructions to the lower court to address the appellant’s claims which were overlooked in the prior order on remand.
BOOTH and VAN NORTWICK, JJ., concur.

. Rule 3.850(g) specifically requires, "All orders denying motions for postconviction relief shall include a statement that the movant has the right to appeal within 30 days of rendition of the order."