ORDER IMPOSING SANCTIONS
 

 PER CURIAM.
 

 Appellee, State of Florida, moves for the imposition of sanctions against appellant,
 
 *64
 
 Charlie Brown, Jr., for excessive filings. Having now considered that motion and appellant’s response thereto, we agree that such sanctions are warranted. Although Brown was resenteneed in 1995 after this court reversed summary denial of postcon-viction relief,
 
 see Brown v. State,
 
 662 So.2d 1356 (Fla. 1st DCA 1995), he has continued his collateral attacks on his conviction and sentence in both this court and others. Since that reversal, Brown has initiated 21 other challenges by appeal or original proceedings without meaningful result. We conclude that his filings in this court have required substantial expenditure of judicial and staff resources and interfered with the timely administration of justice in this tribunal. Appellant’s response fails to demonstrate why the proposed sanction should not be imposed.
 
 See Martin v. State,
 
 833 So.2d 756 (Fla.2002);
 
 Attwood v. Eighth Circuit Court, Union County,
 
 667 So.2d 356 (Fla. 1st DCA 1995);
 
 Peterson v. State,
 
 530 So.2d 424 (Fla. 1st DCA 1988). It is accordingly ordered that Charlie Brown, Jr., shall secure the filing of a notice of appearance by a member in good standing of The Florida Bar in any active case other than this one in which he appears as appellant or petitioner. Failure to obtain such representation within 20 days of the date of this order will result in dismissal of such proceedings. Further, the clerk of this court is directed to accept no further pro se filings from Brown; if received, they shall be returned to him without filing and with a reference to this order.
 

 IT IS SO ORDERED.
 

 DAVIS, BROWNING, and THOMAS, JJ., concur.