WOLF, Judge.
In this case, the appellant was convicted by a jury of resisting arrest with violence, two counts of battery on a law enforcement officer, and attempted depriving an officer of his means of communication or radio. The appellant was sentenced as a habitual offender under section 775.084, Florida Statutes, to three consecutive 10-year prison terms on counts I — III, for a total of 30 years. The offenses in count I (resisting arrest with violence) and counts II and III (battery on a law enforcement officer) all arose from a single incident.[1]
*531 In Hale v. State, 630 So.2d 521 (Fla.1993), and Brooks v. State, 630 So.2d 527 (Fla.1993), the Florida Supreme Court held that a trial court may not impose consecutive enhanced sentences under section 775.084, Florida Statutes, for crimes growing out of a single criminal episode. Accordingly, Clark’s enhanced sentences as to counts I — III are prohibited.
We affirm the convictions below, but vacate the sentences imposed on counts I — III, and remand with directions that the three consecutive sentences be made concurrent to one another.
JOANOS and BENTON, JJ., concur.

. A one-year prison sentence on count V and sentences for other counts to which the appellant pled were to run concurrent with the 30-year sentence.