PER CURIAM.
Appellant was sentenced as an habitual offender to ten years for grand theft and given a consecutive habitual offender sentence of seven years for burglary of a conveyance. The latter sentence was to be suspended upon completion of two years served and appellant placed on probation for 5 years. Appellant’s two offenses arose out of the same criminal episode. In Hale v. State, 630 So.2d 521 (Fla.1993) and Brooks v. State, 630 So.2d 527 (Fla.1993), the Florida Supreme Court held that a trial court may not impose consecutive enhanced sentences under section 775.084, Florida Statutes, for crimes arising out of the same criminal episode. Here, the state concedes that the imposition of consecutive habitual offender sen *222 tences was error. Accordingly, we reverse and remand with directions that appellant be resentenced to concurrent sentences. Clark v. State, 641 So.2d 530 (Fla. 1st DCA 1994), Washawitz v. State, 644 So.2d 131 (Fla. 1st DCA 1994). In all other respects, appellant’s convictions are affirmed.
BOOTH, MICKLE and VAN NORTWICK, JJ., concur.