PER CURIAM.
Appellant’s post-conviction motion challenging the voluntariness of his nolo conten-dere plea was not timely because it was not filed within two years after the judgment and sentence became final. Fla.R.Crim.P. 3.850(b). In addition, the motion is facially insufficient because it fails to set forth all of the information required by rule 3.850(c). Therefore, we affirm the summary denial of appellant’s motion seeking to withdraw his plea.
In a Notice of Supplemental Authority, appellant cites Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. —, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994); Brooks v. State, 630 So.2d 527 (Fla.1993); McCants v. State, 648 So.2d 319 (Fla. 1st DCA 1995); and Clark v. State, 641 So.2d 530 (Fla. 1st DCA 1994), cases which stand for the proposition that consecutive enhanced sentences are not permitted under section 775.084 for crimes growing out of a single criminal episode. We decline to address the issue implicitly raised for the first time by the filing of this notice, as it was not raised before the trial court.
AFFIRMED.
BOOTH, JOANOS and WOLF, JJ., concur.