JOANOS, Judge.
Clarence Kimbro Collins, appellant, challenges the sentences imposed by the trial court after this cause was remanded for re-sentencing. See Collins v. State, 650 So.2d 221 (Fla. 1st DCA1995). Appellant contends the trial court imposed an improper hybrid split sentence to be followed by a probationary term in excess of the maximum sanction authorized for a third-degree felony. We reverse and remand for resentencing.
Appellant was charged by information, tried before a jury, and found guilty as charged of committing two third-degree felonies, i.e., grand theft of an automobile and burglary of a conveyance. Initially, the trial court imposed a ten-year habitual felony offender sentence as to Count I, to be followed by a consecutive seven-year habitual offender sentence as to Count II. The trial court further ordered that after serving two years of the Count II sentence, appellant would be placed on probation for five years and would be required to pay restitution and court costs as directed in the order of probation. In an opinion released February 16, 1995, this court reversed the consecutive habitual offender sentences for crimes which arose out of the same criminal episode, and remanded “with directions that appellant be resen-tenced to concurrent sentences.” The con *459 victions were affirmed in all other respects. Collins I, 650 So.2d at 222.
On remand, the trial court requested responses from the state and the defense concerning possible sentencing alternatives. As to Count I, the trial court resentenced appellant to a nine-year sentence as an habitual felony offender, to be followed by one year of probation. As to Count II, the trial court imposed a non-habitual felony offender seven-year period of probation consecutive to the Count I sentence, but concurrent with the one year of probation imposed on Count I.
When an order or judgment is reversed and remanded, the lower tribunal has authority to conduct further proceedings in conformity with the instruction of the appellate court. A reversal and remand with general directions for further proceedings vests the trial court with broad discretion in directing the course of the cause. Lucom v. Potter, 131 So.2d 724, 726 (Fla.1961); City of Pensacola v. Capital Realty Holding Co., Inc., 417 So.2d 687, 688 (Fla. 1st DCA 1982). Where the remand instruction is specific, it is improper to exceed the bounds of that instruction. See, generally, St. Joe Paper Company v. Adkinson, 413 So.2d 107, 108 (Fla. 1st DCA 1982).
In this case, the remand instructions were narrow and specific. This court reversed the consecutive habitual offender sentences which arose out of the same criminal episode, pursuant to Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, - U.S. -, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), and Brooks v. State, 630 So.2d 527 (Fla.1993), in which the supreme court held that a trial court may not impose consecutive enhanced sentences under section 775.084, Florida Statutes, for crimes arising out of the same criminal episode. This cause was remanded “with directions that appellant be resen-teneed to concurrent sentences.” In affirming the convictions in all other respects, the remand directions precluded any alteration of the original sentencing disposition beyond the direction to impose concurrent, rather than consecutive, habitual offender sentences.
Since we have decided that the resentenc-ing disposition improperly exceeded the scope of the remand directions, we find it unnecessary to address the issues raised by appellant. Accordingly, this cause is reversed and remanded for resentencing as directed in Collins I, i.e., for the imposition of concurrent habitual offender sentences as required by Hale and Brooks.
BOOTH and WOLF, JJ., concur.