PER CURIAM.
This is an appeal of an amended final judgment of dissolution of marriage following *315 remand by this court. On remand the trial court was to provide findings of fact pursuant to sections 61.075 and 61.08, Florida Statutes (1993), regarding the distribution of marital assets and the denial of rehabilitative alimony. Ingle v. Ingle, 640 So.2d 223, (Fla. 5th DCA 1994). The trial court articulated these findings in the amended final judgment. However, in doing so, the trial court revalued the parties’ marital residence which it had distributed to the wife. We affirm the distribution of assets but strike the revaluation of marital residence.
At the conclusion of the trial on the wife’s petition for dissolution of marriage, the trial court awarded the wife the marital residence. In the original final judgment, the trial court valued the residence at $292,762.00. At trial the wife’s expert, a licensed residential appraiser, testified that the value of the home was $215,000. The husband’s two experts valued the property at $315,000 and $296,000. The only other evidence regarding the value of the property came from the parties themselves. The wife valued the property at $215,000 while the husband valued it at $400,-000. Therefore, the trial court was well within its discretion in valuing the property at 292,762.
On remand, the trial court substituted the $292,762.00 figure with a $160,000 valuation. We can only assume that this revaluation was done in an effort to demonstrate the trial court’s belief that the original distribution was fair and equal to the parties. We make this assumption because no evidence was presented on remand and the new valuation of the home is a significant departure from the opinions expressed by the expert witnesses, the parties, and the trial court’s original valuation. Notwithstanding whatever good motives the trial court may have had, there is no evidence in the record to support the revaluation.
Moreover, the trial court’s revaluation of the home exceeds the scope of the mandate from this court. When the case was remanded, this court was satisfied that there was no error in the trial court’s valuation. Although this court required findings of fact to support the unequal distribution, it did not direct the trial court to reconsider the valuation of the residence.
Accordingly we affirm the distribution of the marital property but strike the revaluation of the parties’ marital residence.
AFFIRMED; Revaluation of parties’ marital residence STRICKEN.
GRIFFIN and ANTOON, JJ., and TOMBRINK, R., Associate J., concur.