801 So.2d 289 (2001)
Charles JOHNSON, Appellant,
v.
Michael W. MOORE, Appellee.
No. 1D00-2479.
District Court of Appeal of Florida, First District.
December 12, 2001.
Appellant, pro se.
Robert A. Butterworth, Attorney General; Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Charles Johnson appeals an order denying his petition for writ of habeas corpus without reaching the merits of his claims. We reverse the order insofar as it denies the claim asserted under Hale v. State, 630 So.2d 521 (Fla.1993), and remand with directions that the trial court construe the petition as a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). Otherwise, we affirm.
The petition alleges that the trial court erred in imposing five consecutive habitual felony offender life sentences for armed robbery because the crimes did not occur in five separate episodes and further alleges that "[t]he record clearly shows this error." See Pullins v. State, 777 So.2d 451, 451 (Fla. 1st DCA 2001). Such a claim is cognizable under rule 3.800(a) as long as the court does not have to resort to extra-record facts. See Wilson v. State, 800 So.2d 343 (Fla. 1st DCA 2001) ("A rule 3.800 motion can be the proper vehicle in which to raise a Hale claim ... if the issue can be resolved from the face of the entire written record."); Valdes v. State, 765 So.2d 774, 776-77 (Fla. 1st DCA 2000) (holding that a "defendant is entitled to relief under rule 3.800(a) [if] his Hale claim is apparent from the face of the record."); see generally Carter v. State, 786 So.2d 1173 (Fla.2001). We reverse the *290 order insofar at it denies the Hale claim, and remand for the trial court to ascertain whether the record as a whole supports the claim. We affirm otherwise.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, BENTON, and POLSTON, JJ., Concur.