PER CURIAM.
In this appeal from a postconviction proceeding, the appellant challenges the trial court’s summary denial of a claim that we previously remanded to the trial court for resolution, giving specific instructions. See Johnson v. Moore, 801 So.2d 289, 289 (Fla. 1st DCA 2001). Because the trial court did not follow the instructions that we gave, we reverse and remand. See Collins v. State, 680 So.2d 458, 459 (Fla. 1st DCA 1996).
The appellant originally filed a petition for writ of habeas corpus in which he claimed, inter alia, that he suffered a violation of the ruling announced in Hale v. State, 630 So.2d 521, 524 (Fla.1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), because he received five consecutive habitual offender life sentences for offenses that arose out of only two separate criminal episodes in lower tribunal case numbers 84-279 and 85-510. When the appellant challenged the trial court’s summary denial of the entire petition, we reversed the portion of the trial court’s order denying the appellant’s Hale claim. See Johnson v. Moore, 801 So.2d at 289. Because we determined that this claim was facially sufficient under rule 3.800(a), we instructed the trial court to treat this claim under that rule and to review the entire written record to determine if the appellant is entitled to be resentenced per the dictates of Hale. Id.
On remand, the trial court treated the petition as a rule 3.800(a) motion, but it failed to review the written record as instructed. Rather, the trial court denied the appellant’s claim on the basis that it was facially insufficient.
A trial court’s failure to follow specific instructions on remand constitutes reversible error. See Collins, 680 So.2d at 459. Because we previously determined *372 that the appellant had stated a facially sufficient claim and because the trial court failed to follow the specific instructions that we gave, which were to review the entire written record in this case in order to determine whether the appellant is entitled to relief under Hale, we reverse. See Johnson, 801 So.2d at 289.
We again remand this cause with specific instructions to the trial court to review the entire written record to determine if the appellant is entitled to resentencing per the dictates of Hale.
REVERSED; REMANDED WITH SPECIFIC INSTRUCTIONS.
BARFIELD, BROWNING, and LEWIS, JJ., concur.