RAMIREZ, J.
Brian D. Hickman appeals the trial court’s entry of final judgment of dissolution of marriage. Because we find no abuse of discretion in the trial court’s entry of the final judgment, we affirm.
The parties married in 1982 and two children were born of the marriage. During the marriage, the wife worked both outside of the home and as a homemaker. She currently works as a receptionisfrad-ministrative assistant in a dental office. The husband is a retiree of the Coast Guard and currently works as a fire fighter. The parties’ primary asset was the marital home. Other assets included three vehicles, some stock, some United States savings bonds, a boat and a motorcycle.
After the parties entered into a Mediated Settlement Agreement on Temporary Issues, the trial court entered an Order Restricting Contact Between the Parties, ordering the parties to communicate only through counsel and for the husband to have no contact with the wife.
In its final judgment of dissolution of marriage, the trial court determined that the value of the martial home was $150,000.00, encumbered by a mortgage of $103,000.00, and awarded the wife the marital home. The trial court also awarded the wife $300.00 monthly as permanent alimony, payable in part through a lump sum alimony payment of $17,140.00 and through the payment of $200.00 monthly, and awarded her half of the husband’s Coast Guard pension of $619.00 per month. The husband was to maintain two existing life insurance policies with the wife as beneficiary of a $50,000.00 policy, as security for the husband’s alimony payment obligations to the wife, until the wife’s death or remarriage. The wife was to be listed as an irrevocable beneficiary on the other $100,000.00 policy, as security for the wife’s share of the equitable distribution of the husband’s Coast Guard pension.
The husband first argues the trial court improperly assigned value to the parties’ assets and liabilities, without including its rationale for the valuation of the assets and a date for the valuation. Where, however, there is record evidence to support the trial court’s conclusions, specific findings as to the factors underlying the court’s valuations of marital property are not necessarily required. See Kelly v. Kelly, 557 So.2d 625, 627 (Fla. 4th DCA 1990). The record in this case supports the court’s valuation of all of the parties’ marital assets, the most important of which included the court’s valuation of the parties’ primary asset at $150,000.00, which was reasonable based upon the value of that asset as contained in the husband’s financial affidavits. Furthermore, under section 61.075(6), Florida Statutes (2001), a trial court may also select valuation dates as are “just and equitable under the circumstances. Different assets may be valued as of different dates, as, in the judge’s discretion, the circumstances require.”
*44 We further find that the trial court likewise acted well within its discretion in its award of lump sum alimony to the wife, in its application of a select number of mortgage payments made by the husband prior to the parties’ dissolution, as well as in its requirement that the husband maintain life insurance as security for his obligations under the final judgment.
We find, however, that there is no purpose to the Order Restricting Contact Between the Parties to the extent that the parties currently communicate directly with each other in regards to matters that relate to the well-being and care of the parties’ minor child, as well as in matters of visitation. We thus strike that portion of the order which forbids the parties from communicating with each other, other than through counsel.
In sum, we affirm the final judgment under review, and strike in part the order restricting contact between the parties.