BENTON, J.
On this appeal from resentencing required in the wake of Graham v. Florida, 560 U.S. 48, 180 S.Ct. 2011, 176 L.Ed.2d 825 (2010), Kelvin T. Dortch challenges his new sentences: combined prison terms of 80 years, imposed for non-homicide offenses he committed as a fourteen-year-old. He raises several constitutional questions, none of which we find necessary to reach, because we agree with his contention that ordering his new sentences to run consecutively to a sentence imposed in another case, so that his sentences exceeded 100 years’ imprisonment in the aggregate, violated a binding pretrial stipulation. Accordingly, we reverse and remand for re-sentencing, with directions that the stipulation be honored.
Tried as an adult, the then youthful Mr. Dortch was convicted of armed sexual battery, two counts of armed robbery, and two counts of false imprisonment. He had earlier been convicted and sentenced to twenty-two years’ imprisonment for attempting escape while awaiting trial on the charges at issue in the present case. The original trial on the more serious charges was repeatedly delayed because of the unavailability of a state forensic expert. Anticipating further delays for the same reason, the prosecutor, Mr. Dortch and his trial counsel, signed a pretrial stipulation, which the prosecution drafted and the trial court approved.
In order “to expedite the trial of this case” and “to secure certain benefits to the Defendant,” the parties agreed that the state could introduce certain evidence without the forensic expert’s having to testify at trial to establish a predicate for its admission. If the state did use any of the evidence at trial, the stipulation provided, “the State and the Court agree that any sentence imposed in this case will be concurrent with the sentence imposed in case number 92-4605.” Case No. 92-4605 arose out of the attempted escape from county jail for which he had been separately convicted and sentenced.
At trial, the state adduced evidence permitted under the stipulation, without establishing the predicate that would have been necessary otherwise. But the jury hung. A few weeks before the retrial, the prosecutor sent defense counsel a letter taking the position that the stipulation was *1175 “nullified” because the forensic witness was available to testify at the second trial. The letter announced that “the State no longer agrees nor will the Court be bound by any limitation on the sentence imposed if the defendant is convicted.” On retrial, again as an adult, Mr. Dortch was found guilty on all charges.
He was adjudicated guilty and sentenced to three life sentences without parole on the sexual battery and robbery counts, with two of the three life sentences to run consecutively to each other, and all life sentences to run consecutively to the twenty-two years imposed for attempted escape in Case No. 92-4605. As far as the record reveals, the stipulation was not invoked at the original sentencing, on the direct appeal that ensued, or in any postconviction proceeding prior to 2011.
Some sixteen years after Mr. Dortch was originally sentenced, the United States Supreme Court decided Graham, holding for the first time that sentencing juvenile offenders to life imprisonment, without the possibility of parole, for non-homicide offenses violates the Eighth Amendment’s ban on cruel and unusual punishment. See Graham, 560 U.S. at 82, 130 S.Ct. 2011. Because he was a juvenile when he committed the non-homicide offenses for which he received life sentences, the trial court granted a state motion to correct what the state conceded was an illegal sentence, and set a resentencing hearing.
At resentencing, the defense sought specific performance of the stipulation, and defense counsel also asked the trial judge for a more lenient sentence, citing language in Graham, expounding on juveniles’ lack of maturity, diminished culpability, and capacity for growth and rehabilitation, as factors distinguishing juvenile from adult offenders. See Graham, 560 U.S. at 68-74, 130 S.Ct. 2011. The state argued that the stipulation was no longer binding and opposed leniency. The trial court resentenced Mr. Dortch to forty years’ incarceration on each of the “life without parole” counts, and ordered two of the forty-year sentences (but not the third) to run consecutively to each other. Ruling that it was not bound by the parties’ stipulation, the court ordered the forty-year sentences to run consecutively to the sentence in Case No. 92-4605, for a total of 102 years’ imprisonment.
On November 4, 2011, Mr. Dortch moved to correct the new sentence under Florida Rule of Criminal Procedure 3.800(b)(1). Among other things, the motion asserted that the resentencing court had unlawfully disregarded a binding, court-approved stipulation. After the trial court denied the Rule 3.800(b)(1) motion, Mr. Dortch appealed the denial on multiple grounds,[1] but we address only the stipulation, and remand for resentencing because the trial court failed to honor the stipulation.
The motion to correct sentence filed November 4, 2011, preserved the point, even though the stipulation was not urged at the original sentencing. See State v. Collins, 985 So.2d 985, 989 (Fla.2008); Galindez v. State, 955 So.2d 517, 525 (Fla.2007) (Cantero, J., specially concurring) (“We have consistently held that resentencing proceedings must be a ‘clean slate,’ meaning that the defendant’s vacated sentence becomes a ‘nullity' and his ‘resentencing *1176 should proceed de novo on all issues bearing on the proper sentence.’” (citations omitted)). See also, e.g., Altman v. State, 756 So.2d 148, 150 (Fla. 4th DCA 2000) (holding defendant could challenge assignment of victim injury points for first time at resentencing); Baldwin v. State, 700 So.2d 95, 96 (Fla. 2d DCA 1997) (holding defendant could challenge the accuracy of a list of prior convictions on his scoresheet for first time at resentencing). The resen-tencing court ruled on the point but came to the conclusion that it was not bound by the stipulation, on grounds that the mistrial the first time out frustrated the purpose of the stipulation, and extinguished the parties’ rights and obligations under the stipulation, for that reason.
Here, as below, the appellant contends that the stipulation remains valid and binding because the trial court never formally authorized withdrawal from the stipulation, and because good cause to allow the state to withdraw never existed, in any event. He maintains that the letter the prosecutor sent purporting to rescind or nullify the agreement before the retrial was ineffective to override the stipulation. The state argues that the stipulation applied only to the original trial, and that, even if it remained in effect thereafter, Mr. Dortch should not be allowed to raise the issue now, after failing to raise it for some seventeen years.
At the outset, we reject any suggestion that a party to a stipulation may unilaterally “nullify” the stipulation as the state attempted to do in the present case. “A stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court.” Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1, 4 (Fla.1971). A stipulation cannot be “impeached or swept aside” merely by the “bald statement” of a party desiring to renege. State ex rel. Alfred E. Destin Co. v. Heffeman, 47 So.2d 15, 17 (Fla.1950). “Although a stipulation is comparable to a contract in that it may embody all the essential elements of a contract, unlike a contract, the parties to a stipulation are before the court, and their agreement is subject to its supervision and may bind those incapable of binding themselves outside of court.” 2A Fla. Jur. 2d Agreed Case and Stipulations § 1 (footnotes omitted). To be relieved from a stipulation, a party must make a motion seeking the court’s leave to withdraw or amend, with notice to the other party, supported by an affidavit showing good cause. See Henrion v. New Era Realty IV, Inc., 586 So.2d 1295, 1298 (Fla. 4th DCA 1991). There was no such motion in the present case. Nor was there good cause for such a motion, given the fact that appellant had already performed or discharged all his obligations under , the stipulation.
The state argues that the defendant’s failure to invoke the stipulation at the original sentencing operated as an implicit waiver of his rights under the stipulation, citing contract law like the following:
Contractual terms may be waived implicitly, as well as expressly, by the party that the term benefits. A party may waive a provision of a contract by a course of conduct in connection with the performance of the provision. Acts or conduct giving rise to a waiver need not be affirmative in nature; a waiver of one’s rights can occur by failing to speak out in vindication of a claim when there is duty to do so.
Waiver may also take place where the person for whom performance is to be rendered fails to exercise care or diligence as to performance by the other party. Thus, the failure of one party to *1177 object to the performance of the other party for a lengthy period of time constitutes a waiver, while forbearance for a reasonable time does not.
11 Fla. Jur. 2d Contracts § 254 (footnotes omitted); accord Medico-Dental Bldg. Co. of Los Angeles v. Horton & Converse, 21 Cal.2d 411,132 P.2d 457, 469 (1942); Arbogast v. Bryan, 393 So.2d 606, 608-09 (Fla. 4th DCA 1981); Pfeifle v. Tanabe, 620 N.W.2d 167, 172 (N.D.2000). But this is not a civil case, and a judicially approved stipulation is no mere contract.
In entering into the stipulation, the appellant waived important trial rights that would otherwise have operated in his favor and might even have resulted in an acquittal at the original trial. Nor, by its terms is the stipulation limited to the first trial. The stipulation provides:
If at trial the State uses any of the evidence permitted by this stipulation for the purposes stated herein, the State and the Court agree that any sentence imposed in this case will be concurrent with the sentence imposed in case number 92-4605.
Had the parties (and the trial court who approved the stipulation) intended that the stipulation apply only to the first trial, they could have drafted language to that effect. But they did not. Instead, the state tellingly attempted to “nullify” the stipulation.
A mistrial does not automatically wipe away all stipulations previously entered into. The question whether “a judicial admission continues to have effect for a subsequent part of the same proceedings, including a new trial” is answered in the affirmative by “orthodox English practice.” 9 John Henry Wigmore, Evidence in Trials at Common Law § 2593 (Chadbourn rev. 1981). See Mugge v. Jackson, 50 Fla. 235, 39 So. 157,158-59 (1905) (“The rule is that such agreements, when their terms are not limited to a particular occasion or temporary object, may be used on a second trial.”). See also Carrasco v. State, 122 S.W.3d 366, 369 (Tex.App.2003) (concluding that a pretrial stipulation to admission of certain exhibits in which the defendant admitted stabbing the victims to death was equally binding at a second murder trial, after the first trial ended in a mistrial, where nothing in the stipulation limited its use to the first trial). The state was entitled to rely on the stipulation upon retrial in the present case, even though it elected not to do so.
We may safely infer that the evidence the state did adduce under the stipulation at the original trial was — in the prosecution’s considered judgment at the time— critical to the case it put on at the first trial. It was apparently important to the state to go forward with the original trial when it did. The state, as the burdened party, has good reasons for trying cases sooner rather than later. Speedy trial rule aside, witnesses’s memories fade, and evidence goes missing. That the first trial ended in a mistrial did not end the stipulation’s effect or significance for either party, just because the state did not avail itself of the stipulation on the retrial. Although the first trial did not result in conviction, it is the legal and logical predicate for the conviction that was obtained on retrial. If the first trial had ended in acquittal, there could have been no retrial.
The state having had the benefit of the stipulation — an opportunity to present evidence it thought crucial, evidence that may have made the difference between a hung jury and an acquittal — the defense is likewise entitled to the benefit of the bargain. Because the stipulation was violated at resentencing, the appellant is entitled to be resentenced in accordance with the stipulation. Any constitutional or other issues to which resentencing may give rise can be *1178 dealt with in due course. See Alexander v. State, 821 So.2d 1270, 1271 (Fla. 5th DCA 2002) (“The other issues presented by Alexander in his brief can be addressed at the resentencing hearing-”). See also State v. Mozo, 655 So.2d 1115, 1117 (Fla.1995) (holding as a “settled principle of constitutional law” that courts should avoid constitutional issues unnecessary to decision of a case).
Reversed and remanded.
RAY, J., concurs; MAKAR, J., dissents with opinion.

. He also contends that scoring prior juvenile adjudications as if they were adult convictions violates due process and the requirements of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and constitutes cruel and unusual punishment; and that Dortch’s aggregate sentence denied him any meaningful opportunity for release, contrary to Graham v. Florida, 560 U.S. 48, 82, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010).