IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JIMMIE B. KETCHER,
HUSBAND,

      Appellant,

v.

DEIRDRE E. KETCHER, WIFE

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4769

Opinion filed April 27, 2016.

An appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

Brian P. North, Fort Walton Beach, for Appellant.

Summer N. Boyd, Jacksonville, for Appellee.

WETHERELL, J.

      Appellant, the former husband, challenges three aspects of the final judgment dissolving his marriage to Appellee, the former wife: (1) the finding that he was voluntarily underemployed; (2) the adequacy of the alimony award; and (3) the requirement that he obtain life insurance to secure his obligation to pay a joint

credit card debt as part of the equitable distribution scheme. We summarily affirm the first issue because competent substantial evidence supports the trial court's finding that the former husband was voluntarily underemployed. We reverse and remand for further proceedings on the second issue because the final judgment contains insufficient findings to permit meaningful review of the amount of the alimony award. We also reverse and remand for further proceedings on the third issue because the amount of life insurance the former husband was ordered to obtain and maintain far exceeds the amount of the joint credit card debt he is required to pay, and the judgment fails to explain the discrepancy.

Factual and Procedural Background

In August 2014, the former husband filed a petition for dissolution of the parties' nearly 27-year marriage. Shortly after the petition was filed, the parties agreed upon the distribution of the marital assets and debts and a consent order was entered incorporating the agreement. Pertinent here, the consent order required the former husband to pay a joint credit card with a balance of approximately $20,000. The consent order also required the former husband to sign documents "stating that he shall be solely responsible for the payment of this joint debt and relieving Wife from such liability," but the record does not reflect whether this was done or whether these documents would relieve the former wife of her legal obligations to the credit card company that was not a party to this case.

2

The consent order reserved jurisdiction on the former husband's request for alimony and attorney's fees[1] and the issue of life insurance.  The trial court held an evidentiary hearing on those issues and thereafter entered a final judgment finding the former husband to be voluntarily underemployed and awarding him $500 per month in permanent alimony, rather than the $1,500 per month he requested.  The judgment also required the former husband to obtain and maintain life insurance in the amount of $100,000 with the former wife as the beneficiary in order to secure his payment of the marital debt distributed to him in the consent order.

The former husband filed a motion for rehearing in which he raised the issues that are the subject of this appeal.  The motion was denied, and this appeal followed.

<u>Alimony</u>

An alimony award must be supported by sufficient findings to demonstrate that the payee spouse has a need for the amount of alimony awarded and the payer spouse has the ability to pay that amount.  <u>See</u> <u>Matajek v. Skowronska</u>, 927 So. 2d 981, 987 (Fla. 5th DCA 2006); <u>O'Connor v. O'Connor</u>, 782 So. 2d 502, 503-04 (Fla. 2d DCA 2001).  Here, the findings made by the trial court in the final judgment establish that the former husband has a need for alimony and that the

---

[1]  The issue of attorney's fees was ultimately resolved by a consent order after the trial court ruled that the former wife was required to contribute to the former husband's attorney's fees.

former wife has the ability to pay, but the findings are insufficient to allow for meaningful review of the <u>amount</u> of alimony awarded.

Notably, although the trial court made findings in the final judgment addressing each of the factors in section 61.08(2), Florida Statutes, the judgment did not articulate the basis for the court's implicit determination that the former husband only needed $500 per month in alimony and/or that the former wife only had the ability to pay that amount. The basis for the amount of alimony awarded is not apparent from the face of the final judgment and, in fact, the judgment actually hampers our review of the award because (1) although it states multiple times that the former husband is voluntarily underemployed, the judgment does not expressly impute any income to the former husband or articulate how (and, more importantly, how much) his underemployment reduced his need for alimony despite the monthly deficit of $1,967 reflected on his financial affidavit; (2) it notes (without definitively ruling) that the $732 monthly surplus reflected on the former wife's financial affidavit "will most likely be much higher" because the gross income listed on the affidavit was understated; and (3) it notes (again, without definitively ruling) that certain expenses listed by the former wife on her financial affidavit were challenged by the former husband as "duplicative or superfluous" and that certain expenses listed by the former husband on his financial affidavit were challenged by the former wife as "not actual expenses

4

incurred or are duplicative." Accordingly, on the present record, we are simply unable to meaningfully review the alimony award to determine whether the trial court abused its discretion in awarding the former husband only $500 per month and we are compelled to remand the case to the trial court for additional findings and, if necessary based on those findings, reconsideration of the amount of the alimony award. See Matajek, 927 So. 2d at 988 (reversing alimony award and remanding for additional findings because the basis for the award was unclear and the lack of findings hampered meaningful appellate review).

## Life Insurance

The trial court had the authority to require the former husband to obtain and maintain a life insurance policy naming the former wife as the beneficiary in order to secure his obligation to pay a marital debt. See Hickman v. Hickman, 864 So. 2d 42, 43 (Fla. 3d DCA 2003) (affirming requirement that former husband maintain life insurance to secure the former wife's share of the equitable distribution of his pension); § 61.075(1), Fla. Stat. (recognizing the court's inherent authority "to do equity between the parties" in the equitable distribution of marital assets and liabilities). However, the amount of the life insurance policy must be related to the extent of the obligation being secured. See Therriault v. Therriault, 102 So. 3d 711, 713-14 (Fla. 1st DCA 2012). Here, although the balance on the joint credit card the former husband was obligated to pay was approximately

$20,000 (and the former husband agreed to obtain life insurance with the former wife as the beneficiary in that amount), the final judgment inexplicably required the former husband to obtain and maintain life insurance in the amount of $100,000. Of course, if the credit card company relieved the former wife of her legal obligation to pay the joint credit card, then there would be no need for the former husband to obtain and maintain life insurance to secure this obligation.

## Conclusion

For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion on the alimony award and the former husband's obligation to obtain and maintain life insurance to secure his obligation to pay the joint credit card debt.

REVERSED and REMANDED for further proceedings.

ROWE and OSTERHAUS, JJ., CONCUR.