ON MOTION TO ENFORCE . THE MANDATE
WETHERELL, J.
In Ketcher v. Ketcher, 188 So.3d 991 (Fla. 1st DCA 2016), we reversed the original final judgment of dissolution of marriage in this case in part and remanded to the trial court “for additional findings and, if necessary based on those findings, reconsideration of the amount of the alimony award” (emphasis added). On remand, the trial court entered an amended final judgment that not only made the additional findings required by our prior opinion but also changed the type of alimony awarded from permanent to durational.
Appellant, the former husband, thereafter filed a motion to enforce the mandate in which he argued that the trial court exceeded the scope of the mandate by changing the type of alimony, awarded. Appellee, the former wife, responded that the trial court did not exceed the scope of the mandate because the court effectively reduced the'amount of the alimony award by reducing its duration. We agree with the former husband. Accordingly,' we grant the motion to' enforce the mandate, quash the amended final judgment, and remand for further proceedings consistent with our prior, opinion.

Background

The original final judgment in this case dissolved the parties’ 26-year marriage and awarded the former husband $500 per month in permanent alimony. The former husband appealed the final judgment and, among other, things, challenged the amount of alimony awarded. The former wife did not cross-appeal any aspect of the final judgment, nor did she challenge the trial court’s decision to award the former husband permanent alimony.
*1063 We reversed the final judgment in part, and with respect to the alimony award, we explained that
the findings made by the trial court in the final judgment establish that' the former husband has a need for alimony and that the former wife has the ability to pay, but the findings are insufficient to allow for meaningful review of the amount of the alimony awarded.... Accordingly, on the present record, we are simply unable to meaningfully review the alimony award to determine whether the trial court abused its discretion in awarding the former husband only $500 per month and we are compelled to remand the case to the. trial court for additional findings and, if necessary based on those findings, reconsideration of the amount of the alimony award.
[[Image here]]
For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion on the alimony award_ •
Id. at 993-94 (first emphasis in original, second emphasis added). No motions for rehearing were filed, and the mandate issued on May 13,2016. • •
On remand, the parties agreed that the trial court could simply review the trial transcript to make the findings required by our prior opinion. The trial court thereafter entered an amended final judgment containing the specific findings concerning the parties’ incomes and expenses that were lacking in the original final judgment. However, the amended final judgment went further and found that “permanent periodic alimony is inappropriate” and that “[djurational alimony is the only appropriate alimony for this case.” And, based op these additional findings, the trial court awarded the former husband dura-tional alimony of $500 per month for 6 years commencing on the date of the original alimony award, July 1, 2015.

Analysis

We have the inherent authority to enforce the mandate issued in this case. See Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp., 328 So.2d 825, 827 (Fla.1975) (“If the trial court fails or refuses to comply with the appellate court’s mandate, the latter may, generally speaking, take any steps or issue any appropriate writ necessary to give effect to its judgment.”).
The mandate is “the official mode of communicating the judgment' of the appellate court to the lower court, directing the action to be taken or the disposition to be made of the cause by the trial court.” Tierney v. Tierney, 290 So.2d 136, 137 (Fla. 2d DCA 1974). The lower court must strictly follow the mandate and does not have authority to alter the mandate in any way. See Cone v. Cone, 68 So.2d 886, 887 (Fla.1953) (“[A] trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so.”); Basic Energy Corp. v. Hamilton Cty., 667 So.2d 249, 250 (Fla. 1st DCA 1995) (“A trial court does not have discretionary power to alter or modify the mandate of an appellate court in any way, shape or form- — ”).- Where, as here, the final judgment is reversed and remanded with specific instructions, the-, lower court has authority to conduct further proceedings. in conformity with the instructions but the court cannot exceed the specific bounds of that instruction. See Collins v. State, 680 So.2d 458, 459 (Fla. 1st DCA 1996).
Our prior opinion specifically and unambiguously directed- the trial court to ■make additional findings concerning the parties’ incomes and expenses, and if necessary .based on those findings, to reconsider the amount of , the alimony award. The opinion did not authorize the trial court to reconsider the type of alimony *1064 awarded, and by changing the type of alimony awarded from permanent to dura-tional, the trial court impermissibly exceeded the scope of the mandate. See Brennan v. Brennan, 184 So.3d 583, 589 (Fla. 4th DCA 2016) (holding that trial court exceeded the scope of the mandate by reducing duration of alimony award because that issue was affirmed in the original appeal and therefore was law of the case); Ingle v. Ingle, 689 So.2d 314, 315 (Fla. 5th DCA 1997) (holding that trial court exceeded the scope of the mandate by revaluing marital residence when the case was remanded only to make findings to support the unequal distribution of marital assets); cf. Bass v. State Farm Life Ins. Co., 649 So.2d 924, 925 (Fla. 3d DCA 1995) (affirming trial court’s refusal on remand to consider entitlement to trial court attorney’s fees where the appellate court’s mandate directed the court to consider only the amount of appellate attorney’s fees). Accordingly, the amended final judgment must be quashed.
Having said that, we recognize that the mandate-compliant findings made by the trial court on remand concerning the parties’ incomes and expenses suggest that the former husband’s need for alimony and the former wife’s ability to pay are considerably less than what was reflected in the original final judgment. Those findings— if supported by the record — might justify a nominal or reduced permanent alimony award, but they do not justify the trial court’s decision to exceed the scope of the mandate by changing the type of alimony awarded.

Conclusion

Accordingly, for the reasons stated above, we grant the former husband’s motion to enforce the mandate, quash the amended final judgment, and remand for further proceedings consistent with our prior opinion.
MOTION GRANTED; ORDER QUASHED; REMANDED.
ROWE and OSTERHAUS, JJ., concur.