# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3363
_____

KELVIN TERRILL DORTCH,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Thomas V. Dannheisser, Judge.

February 15, 2019


OSTERHAUS, J.

Kelvin Terrill Dortch appeals from a re-sentencing in which he was sentenced to concurrent life sentences for his crimes. We affirm. We disagree with Mr. Dortch's argument that our prior mandate in *Dortch v. State*, 137 So. 3d 1173 (Fla. 1st DCA 2014) entitled him to be sentenced to concurrent terms of 40 years incarceration. We also conclude that the trial court made the findings required by section 921.1401, Florida Statutes before imposing life sentences.

I.

Mr. Dortch's case has a complex sentencing history. On August 25, 1992, the State charged Mr. Dortch by indictment with committing multiple crimes including sexual battery and armed

robbery. On March 9, 1994, he was found guilty by a jury. The trial court sentenced him to life incarceration for the sexual battery count and two robbery counts.

After the United States Supreme Court decided *Graham v. Florida*, 560 U.S. 48 (2010), the State filed a motion to correct Mr. Dortch's illegal life sentence. The trial court granted the State's motion and resentenced Mr. Dortch to concurrent terms of 40 years' incarceration for the sexual battery count and one of the robbery counts, running them consecutive with the other robbery count and with the sentence from another case (case number 92-4605).

Mr. Dortch appealed the new sentence asserting, among other things, that the court failed to follow the parties' prior stipulation that his sentences run concurrent with the sentence in the other 92-4605 case. *Dortch v. State*, 137 So. 3d 1173, 1174 (Fla. 1st DCA 2014). This court agreed that Appellant was "entitled to be resentenced in accordance with the stipulation," and reversed and remanded. *Id*. at 1177-78.

On remand, Mr. Dortch asked the trial court to simply make his sentence in the other 92-4605 case concurrent with his 40-year sentences. But the court chose instead to fully resentence him under the framework established in section 921.1401, Florida Statutes. After taking evidence, the trial court re-sentenced Mr. Dortch to concurrent life sentences on the sexual battery and each of the robbery counts, to run concurrent with his sentence in the 92-4605 case. This appeal followed.

II.

A.

Mr. Dortch contends first that the court's imposition of life sentences pursuant section 921.1401 exceeded the scope of the mandate in *Dortch,* 137 So. 3d 1173, and violates double jeopardy principles. We disagree. In *Dortch*, this court reversed and remanded the 40-year consecutive sentences, finding that Mr. Dortch was "entitled to be resentenced in accordance with the stipulation," so that his sentences would run concurrently with his sentence in the other 92-4605 case. *Id*. at 1177. The dispositional

2

language at the end of the opinion was "Reversed and remanded" with no specific directions. *Id*. at 1778.

"When an order or judgment is reversed and remanded, the lower tribunal has authority to conduct further proceedings in conformity with the instruction of the appellate court." *Collins v. State*, 680 So. 2d 458, 459 (Fla. 1st DCA 1996). Only when the appellate court provides specific instructions, is the otherwise broad authority of a trial court narrowly constrained. *Id*. Here, with no specific directions to the contrary, the well-established principle is that "resentencing is a de novo proceeding in which the decisional law effective at the time of the resentencing applies." *State v. Fleming*, 61 So. 3d 399, 400 (Fla. 2011). Thus, under the terms of the *Dortch* mandate, the trial court had authority to conduct de novo resentencing. Its actions were perfectly appropriate because "where a sentence has been reversed or vacated, the resentencings in all criminal proceedings . . . are de novo in nature." *Id*. at 406. "[T]he full panoply of due process considerations attach . . . [and] both parties may present new evidence bearing on the sentence." *Id*. (*citing State v. Scott*, 439 So. 2d 219, 220 (Fla. 1983)).

The State is also correct that by the time of Mr. Dortch's second resentencing, the decisional law provided for re-sentencing pursuant to chapter 2014-220, Laws of Florida (which is codified in section 921.1401, Florida Statutes). Indeed, the Court in *Kelsey v. State*, 206 So. 3d 5, 11 (Fla. 2016), held that in the *Graham* resentencing context, a defendant's 45-year sentence without the benefit of review under section 921.1402 was illegal because "the Legislature has determined that the 'means and mechanisms for compliance' with *Graham* are to provide judicial review for juvenile offenders" who are sentenced to lengthy terms of years. This holding was applied to a sentence of 40 years incarceration in *Lee v. State*, 234 So. 3d 562 (Fla. 2018).

Double jeopardy principles also did not preclude the imposition of a life sentence in this case. Mr. Dortch's original sentence was life incarceration, which was vacated in the aftermath of and pursuant to *Graham*. The Florida Supreme Court has made clear that jeopardy only attaches to legal sentences. *Kelsey*, 206 So. 3d at 11. So when Mr. Dortch was resentenced

3

under the new law's provisions, the State could "again seek life imprisonment with judicial review." *Id.* Jeopardy did not attach to Mr. Dortch's 40-year sentences because they were illegal under *Kelsey* and *Lee*. As such, the imposition of a life sentence pursuant to section 921.1401 was not error and did not violate double jeopardy principles.

B.

Mr. Dortch next contends that the trial court erred in declining to make specific findings regarding the factors enumerated in section 921.1401(2)* and implemented via Florida Rule of Criminal Procedure 3.781(c).

---

\* Section 921.1401(2), Fla. Stat. provides that

(2) In determining whether life imprisonment or a term of years equal to life imprisonment is an appropriate sentence, the court shall consider factors relevant to the offense and the defendant's youth and attendant circumstances, including, but not limited to:

(a)  The nature and circumstances of the offense committed by the defendant.
(b)  The effect of the crime on the victim's family and on the community.
(c)  The defendant's age, maturity, intellectual capacity, and mental and emotional health at the time of the offense.
(d)  The defendant's background, including his or her family, home, and community environment.
(e)  The effect, if any, of immaturity, impetuosity, or failure to appreciate risks and consequences on the defendant's participation in the offense.
(f)  The extent of the defendant's participation in the offense.
(g)  The effect, if any, of familial pressure or peer pressure on the defendant's actions.
(h)  The nature and extent of the defendant's prior criminal history.

4

In imposing Mr. Dortch's sentence, the trial court made it clear at the resentencing hearing and in its written order that it had reviewed and considered the factors listed in § 921.1401(2) before it resentenced Mr. Dortch to life imprisonment. Twice at the hearing, the trial court stated the findings specifically required by the rule: that all relevant factors required by § 921.1401(2) had been "reviewed and considered by the Court, including the entire record and the evidence and arguments submitted at the sentencing hearing . . . and that a sentence of life imprisonment is appropriate." The trial court's written order said much the same thing: "the Court considered the evidence related to the offense, the defendant's youth and attendant circumstances, including, but not limited to those enumerated in § 921.1401(2), Florida Statutes [and] has concluded that a sentence of life imprisonment is appropriate."

These findings are all that the statute and rule require. Section 921.1401(2) sets forth no requirement to make detailed findings on all ten of its factors. Indeed, the statute's "including, but not limited to" language indicates that the statute's list isn't exhaustive of what courts must consider: "In determining whether life imprisonment . . . is an appropriate sentence, the court shall consider factors relevant to the offense and the defendant's youth and attendant circumstances, *including, but not limited to*: [the 10-factor list]." *Id.*

Rule 3.781(c) implements this statute by requiring that courts make two "specific" findings on the record:

> The court shall make specific findings on the record that all relevant factors have been reviewed and considered by the court prior to imposing a sentence of life imprisonment or a term of years equal to life imprisonment.

Fla. R. Crim. P. 3.781(c). Specifically, courts must find on the record that they have (1) "reviewed" and (2) "considered" all relevant factors prior to imposing a life sentence. The rule's requirements go no further than that. The rule doesn't say, for

---

(i)  The effect, if any, of characteristics attributable to the defendant's youth on the defendant's judgment.

(j)  The possibility of rehabilitating the defendant.

instance, that trial courts must make findings as to each of the ten § 921.1401(2) factors, in addition to whatever other factors they review and consider, in pronouncing a sentence.

And so, in this case, the trial court conducted an adequate resentencing hearing. It went over the statutory factors and heard evidence about them. Then, it acknowledged that it had "reviewed and considered" all relevant factors as required by the statute and rule before sentencing Mr. Dortch to life. Under these circumstances, the trial court did all that was required under the statute and rule in exercising its judicial authority to render a life sentence. *Cf. Mendoza-Magadan v. State*, 217 So. 3d 112 (Fla. 4th DCA 2017) (concluding that specific findings were not required in a different juvenile sentencing context); *Chavez-Mesa v. U.S.*, 138 S. Ct. 1959 (2018) (finding a trial judge's form-order decision to have satisfied the Federal Sentencing Guidelines' requirement to "state in open court the reasons for [imposing] the particular sentence").

## III.

Finally, we affirm the trial court's decision not to impanel a jury for the resentencing under the authority of *Copeland v. State*, 240 So. 3d 58, 59-60 (Fla. 1st DCA 2018). We also affirm as to Mr. Dortch's remaining claims without comment.

AFFIRMED.

JAY, J., concurs; MAKAR, J. dissents with opinion.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

MAKAR, J., dissenting.

This dissent is among the most unlikely because I dissented in *Dortch v. State*, 137 So. 3d 1173, 1179 (Fla. 1st DCA 2014) (*Dortch I*), concluding that Dortch had either waived or abandoned

6

the stipulation at issue and was not entitled to its benefit at resentencing on remand. I disagreed with the panel majority's conclusion as to the vitality of the decades-old stipulation, but I fully understood their clearly-stated intent, which was that Dortch was "*entitled* to the benefit of the bargain" on remand and that he was "*entitled* to be resentenced in accordance with the stipulation." *Id.* at 1177 (emphasis added). The remand in *Dortch I* was predicated on the specific holding that Dortch was *entitled* to resentencing in accord with the stipulation, which is the law of the case and must be honored as binding. *See generally* Phillip J. Padovano, *Florida Appellate Practice*, § 20:12 ("Law of the Case") (2018). As such, I fail to see any basis that justified Dortch being resentenced de novo on remand *as if the stipulation never existed*. This case does not involve a general, undifferentiated remand without directions where broad discretion is accorded to the trial judge. *See Collins v. State*, 680 So. 2d 458, 459 (Fla. 1st DCA 1996). Instead, it involves a specific holding that limited the scope of remand to the stipulation. This limitation didn't have to be in the dispositional language at the end of the opinion, as long as it was evident in the prior panel's opinion, as it was in this case. *See, e.g.*, *Ketcher v. Ketcher*, 188 So. 3d 991, 994 (Fla. 1st DCA 2016) (*Ketcher I*) (panel's directions as to remand contained in body of opinion), *opinion after remand, Ketcher v. Ketcher*, 198 So. 3d 1061, 1063 (Fla. 1st DCA 2016) (holding that trial court exceeded mandate set forth in *Ketcher I*). Dortch is unequivocally *entitled* to the benefit of the stipulation, which subjects him to concurrent 40-year sentences versus the de novo resentencing that netted him life. Denying Dortch of the benefit of the stipulation amounts to a breach of the mandate and a due process violation.

---

Andy Thomas, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.