Per Curiam.
At the age of seventeen, Gregory Robinson shot a former classmate in the head. The former classmate died, the State charged Robinson with second-degree murder, and Robinson pleaded guilty. The court sentenced Robinson to life in prison with judicial review after twenty-five years. Robinson now argues that the sentence was illegal.
To the extent Robinson argues the trial court was obligated to make specific findings as to each factor under section 921.1401-Florida's juvenile life-sentencing statute-his argument is foreclosed by our recent decision in Dortch v. State , 266 So.3d 1240, 2019 WL 639221 (Fla. 1st DCA Feb. 15th, 2019). In Dortch , we held that judges imposing life sentences need not make specific findings for each factor listed in section 921.1401. Instead, courts must only "find on the record that they have (1) 'reviewed' and (2) 'considered' all relevant factors prior to imposing a life sentence." Id. ; see also Fla. R. Crim. P. 3.781(c). In Robinson's case, the court clearly reviewed and considered the relevant factors, including the likelihood of Robinson's rehabilitation. See § 921.1401(2)(j). We also reject Robinson's argument that-findings aside-the specifics of his case did not warrant a life sentence. *
*849 AFFIRMED .
Roberts, Kelsey, and Winsor, JJ., concur.

We also reject Robinson's contention that the court failed to hold a competency hearing, a contention the record refutes.