DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

STACEY PARKER,

Appellant,

v.

JUSTIN PARKER,

Appellee.

No. 2D22-2736

_____

January 17, 2024

Appeal from the Circuit Court for Hillsborough County; James S. Moody, III, Judge.

Megan Powell and Kristin M. Rhodus of Rhodus Law Firm, PLLC, St. Petersburg, for Appellant.

Ingrid Hooglander of Brandon Legal Group, PLLC, Brandon, for Appellee.

KHOUZAM, Judge.

Stacey Parker (the Former Wife) appeals the amended final judgment of dissolution of her marriage to Justin Parker (the Former Husband), challenging the alimony award. Because it appears on the face of the record that the alimony award was based on gross income, we reverse and remand for the trial court to revisit its alimony calculation.

The parties were married on May 5, 2007, in Pinellas County. The Former Wife filed a petition for dissolution of marriage with minor child on October 11, 2019. The Former Husband filed an answer and counterpetition. On February 2, 2022, the parties entered into a partial mediated marital settlement agreement resolving all pending issues between them except for alimony, child support, and attorney's fees. The court ratified the agreement. A final hearing was held on the remaining issues, and the amended final judgment of dissolution was entered on August 20, 2022. The trial court awarded the Former Wife durational alimony of $1,696.21 per month for five years.

On appeal, the Former Wife argues that the trial court erred by basing the alimony award on gross income instead of net income. "Basing an alimony award on gross income rather than net income is reversible error." *Adams v. Adams*, 340 So. 3d 551, 556 (Fla. 2d DCA 2022) (quoting *Hampson v. Hampson*, 310 So. 3d 161, 162 (Fla. 2d DCA 2021)). This is because "[a]n award of alimony must be based on the income that is available to the party, i.e., the party's net monthly income." *Id.* (quoting *Moore v. Moore*, 157 So. 3d 435, 436 (Fla. 2d DCA 2015)).

The amended final judgment in this case plainly states that the circuit court used the parties' gross incomes to calculate their need and ability to pay:

> The [c]ourt finds that Husband's gross monthly income is as follows: a base wage of $6,249.00 and imputed commissions in the amount of $2,500.00. The [c]ourt finds that Wife's gross monthly income is imputed to $1,535.41. The [c]ourt further finds that Wife is voluntarily unemployed or underemployed and has not been diligent in finding employment. The [c]ourt further finds based upon testimony received and the evidence presented, specifically the Financial Affidavits of the Parties and the testimony received, that

2

Husband has the ability to pay durational alimony in the amount of $1,696.21 a month for a period of five (5) years (60 months), even though the [c]ourt finds that the Wife's need for alimony is $3,158.59 per month.

(Emphasis added.)

The Former Husband argues that the Former Wife cannot show error because the record does not include a complete transcript of the final hearing and the record before us indicates that the trial court did in fact consider net income. But the record evidence on this point is unclear, such that we cannot say with any certainty that this is a mere scrivener's error. And "[t]he absence of a transcript does not hinder our review when a legal error plainly appears on the face of the record." *Ferry v. E-Z Cashing, LLC*, 361 So. 3d 905, 907 (Fla. 2d DCA 2023). Because the final judgment plainly states that the court used the incorrect type of income to calculate alimony and nothing else in the record clearly establishes to the contrary, this error appears on the face of the record, and we must reverse and remand for the trial court to revisit its findings on this point.

On remand, the trial court shall revisit its alimony calculation, setting forth its findings in detail and taking additional evidence if necessary. "[T]he court should make detailed factual findings in support of its determination of need and ability to pay." *Horowitz v. Horowitz*, 273 So. 3d 263, 268 (Fla. 2d DCA 2019). The findings must allow for meaningful appellate review of the <u>amount</u> of alimony awarded, *see Ketcher v. Ketcher*, 188 So. 3d 991, 993 (Fla. 1st DCA 2016), and how the court arrived at that amount, *see Beasley v. Beasley*, 717 So. 2d 208, 209 (Fla. 5th DCA 1998).

Reversed and remanded with instructions.

NORTHCUTT and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.